Opinion of the Court.
Nancy Shields, the plaintiff in error, leased to one of the defendants, a farm in the county of Henry, for a definite period, ending on the first day of March 1816, and he was to pay her one third of all the grain raised upon the land, and to give her the peaceable possession thereof, on the aforenamed day. He took in the other defendant as a sub-tenant to him, and both held and occupied during the lease, which was in writing. At the close of the lease, they held over and refused to restore the possession. She issued her warrant of forcible detainer against them, and they were convicted before a justice of the peace. They traversed the finding of the jury, and the case was tried in the circuit court, after sundry continuances had on their motion, and they were again convicted, and a writ of restitution awarded, by virtue of which the possession was restored to her. Pending the traverse in the circuit court, the defendants cut and used a considerable quantity of timber, and the plaintiff brought this action of trespass vi et armis, to recover damages therefor. After the proof of these facts on the part of the plaintiff, the court below instructed the jury as in case of nonsuit, and the plaintiff excepted and prosecuted this writ of error.
The reasons given by the court below for the instruction aforesaid, were the following: 1st, It did not appear that dower had been assigned to the plaintiff, and the trees cut were outside of the enclosure; and 2dly, the plaintiff was not in the actual possession at the time the trespass was committed.
Neither of these reasons appears sufficient to sustain the instruction; for although it appeared that the plaintiff was the widow of Alexander Shields, heir of Patrick Shields, yet there was no evidence showing that she held the land as widow, or in what right she hold it, or that there was any heir of Alexander Shields to take the land in preference to herself, if the land *240 came from him or that the estate was of such character as to require or permit the assignment of dower. Nor is the second reason more tenable ; for athough it is a general rule, that possession is necessary to sustain this action, and the disseizee cannot sustain the action against either the disseizor or a stranger, for injury done during the continuance of the disseizin, except for the first tortious entry, until he regains the possession ; yet, after the possession is regained, he may sustain the action for injuries subsequent to the original entry during the disseizin, and for the intervening profits, which is technically styled an action for mesne profits. It was in proof in this case, that the possession was regained, and it does not result from the general doctrine, that possession is requisite in trespass, as the court below seems to have supposed that the action could not, under the circumstances of this case be supported.
There is another objection to the instruction. The general issue was not pleaded, nor was the negative of the issue on the side of the defendants, if any issue can be said to exist ; and, to support this motion, the plaintiff must have the affirmative. The defendants pleaded that “on the day of the supposed trespass in the declaration mentioned, their father had the possession of the close in which the trespass was committed, and that they acted under him and by his direction, consent and permission, in cutting the trees, as was set forth in the declaration, and that they did cut the timber trees, as by law they had a right to do, which was the same in the declaration supposed, and no other.”
To this the plaintiff replied, that “the said William Henderson, father of the defendants, at the time the trespass was committed, was not possessed of the close in the declaration mentioned; but the said Alexander (one of the defendants) was then and there tenant to the plaintiff, living on said close; and that the said defendants acted of their own wrong, in cutting the trees and committing the trespass aforesaid, and without any such authority as they in pleading had alleged; and this she was ready to verify,” &c. Then follows a similiter, “ and the defendants likewise.”
‘If there be any issue made up by these informal and unsubstantial pleadings, it is on the point of William *241 Henderson, the father, having possession at the time of the trespass, and granting authority to the defendants to commit it, the affirmative of which lay upon the defendants below, and of course they ought not to have made the motion ; for if they failed in supporting the issue on their part, the plaintiff must be entitled to recover.
As the judgment must, therefore, be reversed, we must go back to the first error, to avoid any further embarrassment in the cause, and direct a repleader ; for the issue must be accounted immaterial. The plea does not gainsay the entire cause of action. It may be true, that William Henderson, the father, was in the possession of the land at the time of the trespass, and may have given permission to the defendants to commit it, and yet the defendants be liable. Trespass will lie against a stranger, for a trespass done during a disseizin ; for by re-entry the disseizee revests possession in himself, ab initio. — Com. Dig. title Trespass, B. 2, 390 ; Adams on Ejectment, 331.
The judgment is, therefore, reversed with costs, and the cause remanded for new proceedings, not inconsistent with this opinion.