*a Laws Ala. 315.*

---

BELLS, TRIGG & WATKINS v. HEIRS OF L. ROBINSON.

Judgement against administrator; lands descended, cannot by *sci. fa:* against the heirs, be made liable to execution.

·THE plaintiffs sued a *sci. fa.* to Madison Circuit Court, in which it is stated, that they instituted an action of covenant in said Court against Littleberry Robinson, pending which he died intestate. It was revived, and
25

judgement rendered against his administrator.. A writ of *fi. fa.* issued thereon,.on which the sheriff made return, that there was no property of the decedent in the hands of the administrator ; that Robinson died seized and possessed of lands in said county, (describing them,) leaving six children, (naming them,) his heirs at law, one of whom had since died, leaving no children, her husband surviving her, &c. requiring the sheriff to make known, &c. that they appear at, &c. and shew cause why said judgements should not be satisfied out of the said lands.

The sheriff made return on the *sci. fa.* that it had been made known to all the defendants, except John Dickenson and Fanny, his wife, who were not found, and who are not residents of. the State.

The defendants on whom the *sci. fa.* had been executed, plead,

1. That the *sci. fa.* had not been executed on all the defendants named therein, wherefore. they pray judgement if they are bound to answer.

2. That since the *sci. fa.* was sued out, the estate had, according to the statute, been reported insolvent.

The plaintiffs demurred. The Circuit Court overruled the demurrer, and ordered that at the election of plaintiffs, an *alias sci. fa.* should issue. The plaintiffs declining to sue out an *alias sci. fa.* judgement was rendered for defendants.

The plaintiffs here assigned the judgement on the demurrer as error.

HOPKINS, for plaintiffs. ,

CLAY, for defendants in error.

The CHIEF JUSTICE delivered the opinion of the Court.

By the demurrer of the plaintiffs to the pleas, the *scire facias* which they have.sued out, is brought under our examination. At common law, a judgement against the personal representative does not charge the lands. They descend to the heir, and the personal representative has nothing to do with them. If the ancestor, by his·obligation bound his heirs, they could by action of debt be charged to the value of the lands descended. In England, if a judgement had been recovered against the ancestor, the lands which were liable to execution in his life time, may be made liable after his death, by *sci. fa.*

against the heirs and *terre tenants.* Our statute of 1812, [a] gives to judgements and decrees a lien on lands, tenements, &c. and directs that the clerk shall frame the execution accordingly. But for debts, &c. for which judgement has not been obtained against the ancestor, the lands cannot be made liable to execution by judgement against the personal representative. Our statutes [b] have pointed out another mode for subjecting the lands to the payment of the debts. If the personal estate be insufficient, the administrator or executor shall make his report accordingly, and the land shall be sold by order of the Court. This course does not abridge the rights of creditors, for as the administrator cannot have fully administered, if on a deficiency of personal estate, he fails to make his report as required, so that the lands may be resorted to, the remedy is more ample than at common law. The judgement must be affirmed.

See Saund. 7. note 4, 9, note 8. 6 Bac. Abr. 115.