## WILKINSON v. ALLEN, ET AL.

1. To a *sci. fa.* against an heir and devisee seeking to subject descended or devised lands to the payment of a judgment against the ancestor, it is a good plea that no lands have descended, &c.

2. In a *sci. fa.* against an executrix and heir or devisee, the former cannot be made responsible to a judgment to be levied of the goods and chattels in her hands to be administered; and a replication by way of new assignment charging her in that character, is a departure from the *sci. fa.* and may properly be stricken out.

3. Under an issue formed on the plea of the heir, &c. that no lands descended, &c. the *onus* rests with the plaintiff to show the particular lands sought to be charged; and a devise of all lands in a will is no proof that any descended or were devised.

Writ of Error to the Circuit Court of Tuskaloosa.

THIS is a proceeding by *sci. fa.* at the suit of Wilkinson against Mary L. Allen as executrix, and J. N. Allen as devi-

Wilkinson v. Allen, et al.

see, of W. B. Allen, to have execution against the lands devised in satisfaction of a judgment recovered against Allen in his lifetime.

The plaintiff filed a suggestion in the clerk's office, setting out the judgment obtained in the lifetime of Allen, and asserting that since its recovery Allen had died, leaving all his real and personal estate (except certain bequests) to his wife, Mary L. Allen, and his son, J. N. Allen, appointing the said Mary L. and one Henry his executors. That said Mary having proved the will and taken on herself the administration of said estate, she failed to make application to the proper court for the sale of the real estate descended as aforesaid; and sale of the same or of some part thereof being necessary to satisfy the plaintiff's judgment, he therefore prayed a *sci. fa.* against the said Mary and J. N. Allen, returnable, &c., for them then and there to show cause why he should not have execution of the said real estate.

A *sci. fa.* was thereupon issued conforming substantially to the suggestion, and this was returned executed on both defendants.

The plaintiff obtained leave to amend his *sci. fa.* by inserting therein a description of the lands descended, but no amendment seems to have been made.

The defendants then pleaded as follows:

By way of protestation, say that the said W. B. Allen was not at the time of his death seized and possessed of any lands whatsoever, or of any real estate whatever which was devised by him or which descended to his heirs at law, and of this they put themselves on the country.

This plea was verified by the oath of one of the defendants. The plaintiff demurred, but his demurrer was overruled.

He then replied by asserting that the lands which belonged to the estate of said W. B. Allen have descended to the said J. N. Allen, and of this he put himself on the country. He also as to the plea of the said Mary said *precludi non,* because he commenced his action by *sci. fa.* against her as executrix of the last will and testament of W. B. Allen and said J. N., the heir of said W. B. A., not against the real es-

tate alone of the said deceased mentioned in the plea of the defendants, but also to recover the amount of his said judgment, with costs and interest, which the said Mary, as executrix, was and is bound to pay out of the moneys and assets belonging to the estate of the said W. B. A., and this the said plaintiff is ready to verify; wherefore, inasmuch as the said Mary has not answered the said complaint of the plaintiff as to the moneys and assets which have come to her hands to be administered, and as newly assigned as aforesaid, he prays judgment, &c.

This latter plea or new assignment was stricken out by the court on the defendants' motion.

At the trial of the issue the plaintiff insisted it rested with the defendant to prove that no lands had descended, but the court ruled the *onus* was with the plaintiff.

The plaintiff then read in evidence the will of Allen, which contains this clause: "I devise and bequeath all my estate, both real and personal, to my wife, Mary L, and my son, Joseph N, share and share alike, to be equally divided between them." There being no other proof on either side, the court charged the jury, the defendant, J. N. Allen, was not bound to prove the averment in his plea, that no lands had descended to him, and that if there was no proof before them other than the will of Allen, they must find for the defendants.

The plaintiff excepted to this charge, and here assigns that the circuit court erred—

1. In overruling the plaintiff's demurrer to the defendants' plea.

2. In striking out the new assignment as to the executrix.

3. In the rulings and charge at the trial.

CLYDE, for the plaintiff in error, insisted—

1. The defendants' plea is bad. It should state that no lands have come to the possession of the heirs, belonging to the estate, since the date of the judgment. It is vague and uncertain in terms, and is not an answer to the suggestion.

2. The new assignment was well pleaded. It usually occurs in actions of trespass or replevin; but it may be used in any form of action, whether *ex delictu* or *ex contractu*. [2

Saund. Pl. and Ev. 683; Steph. Pl. 244; 1 Chit. Pl. 659; ib. 127, 521; 1 Price, 23.]

The administrator is made a party, "obviously for the purpose of enabling him to show whether the estate is insolvent." [5 A. R. 504; Clay's Dig. 197, § 27.]

3. In general, it is necessary for a party who brings an action, to prove all the material facts which he alledges in support of his claim; yet, where the defendant pleads a fact within his own knowledge, in discharge of himself, and the plaintiff still insists on the defendant's liability, alledging the same fact in his replication; there the burthen of the proof lies on the defendant, not upon the plaintiff. [1 Phil. Ev. 199.]

If a particular fact, lie more particularly within the cognizance of one party, that party must prove it though a negative. [1 Saund. Pl. & Ev. 491; 1 Phil. Ev. 198, and note 2, and authorities there cited. [1 Stark. E. 363.]

It is sufficient to prove a fact from which the rest of the affirmative allegation, in the absence of any other evidence, is a presumable consequence. [1 Stark. Ev. 363.]

Cochran, contra. .

Goldthwaite, J.—1. We shall waive any consideration here whether the statute on which this proceeding seems to be founded extends to devisees as well as heirs, and confine our examination to the precise questions presented cn the record. It is insisted the plea of the defendants is bad, for the reason that it omits to assert that no lands have come to the possession of the heir—assuming that J. N. Allen is attempted to be charged in that character. We understand the plea as directly asserting this fact, and something more, where it is said that no lands descended to the party or were devised to him. These assertions would not accord with truth, if the party was possessed of lands in his character of heir or devisee. We think there was no error in overruling the demurrer.

2. The next question is that which arises out of the disposition made of what is called the new assignment as to the executrix. A new assignment sometimes becomes necessary

when the allegations of the declaration are so general that two or more causes of action can be given in evidence under it; when the defendant has a sufficient defence as to one of such causes and pleads it, the necessity is imposed on the plaintiff to new assign, as otherwise the plea would be applied to any cause of action covered by the declaration. [Chit. Plead. 659.] But there is no cause whatever to apply the doctrine of new assignments to this cause, for the *sci. fa.* asserts nothing which authorizes the court, if the defendants said nothing in bar, to have the executrix made a party to the old judgment. The plaintiff, if he wished to have execution against the goods, &c. in her hands to be administered, was authorized to sue out a *sci. fa.* against her for this purpose; but to such a proceeding the heir or devisee would certainly be no party. In proceeding under the statute to have execution against the lands devised to the heir, the administrator is required to be made a party, and the reason is said, in Fitzpatrick v. Edgar, 5 Ala. Rep. 499, to be, to give him the opportunity to show the estate is insolvent, in which event, as there shown, the lien of the creditor is lost.

The attempt to new assign, in our judgment was an obvious departure from the previous pleading, and was properly rejected.

3. The bill of exceptions presents a question quite novel and of some intrinsic difficulty. It will be remembered the effort here is not to charge the heir on account of assets descended, but to have execution of lands supposed to be bound by the judgment against the ancestor. The question is, whether in such a case the creditor is entitled to a general judgment, without showing particular lands of which it is to be levied. The case of Jefferson v. Martin, 2 Saund. 6, embodies in its pleadings and notes all the learning on the subject of the statute of Westminster, which is believed to be the parent of our own in relation to the present matter. The *sci. fa.* in that case was in general terms, commanding the sheriff to summons the heir of the *connusor* as well as the *terre tenants* of his lands at the time of the recognizance.

The return of the sheriff describes the particular lands in the possession of each *terre tenant*, and asserts there is no heir. It is on this return that the pleadings are formed, and

each tenant disputes with the plaintiff his right to have execution as against the lands of which he claims to be tenant. It is said in the notes, the heir is chargeable as a tenant, and not as heir, under this statute, (Notes, 4, 8 ;) and the tenant whom it is necessary to summon, as the tenant of the freehold, is not the mere occupant of the premises. It is, we think, quite evident that the sheriff returns the *sci. fa.* both as to heirs and *terre tenants*, at the nomination of the plaintiff, and therefore the return must be considered as the plaintiff's suggestion, that certain persons held the possession of the particular lands which he insists are bound by the lien of his judgment or recognizance. The effect given to the return of the sheriff was such, that the courts would not allow it to be contradicted by a general plea of *non tenure*, though the tenant was allowed to get rid of this effect by alledging a fictitious demise, anterior to the judgment, &c. (Note 19.)

When we apply this apparently antiquated learning to our particular statute, there is no great difficulty in its construction. That provides, that whenever the executor or administrator of any decedent, shall fail to apply to the orphans' court for the sale of real estate, for the purpose of paying the debts due thereby, the judgment creditor may file a suggestion in the clerk's office, in which the judgment is rendered, that real estate has descended to the heirs, and that sale of the same, or of some part thereof, is necessary for the satisfaction of the judgment, and that said executor, &c. has failed, or refused to make application for the sale thereof, and shall set out the names of the personal representative and heirs, and thereupon may sue out a *sci. fa.*, &c.   [Dig. 197, § 27.]   Now, although the suggestion and *sci. fa.* is not required to be specific in the description of the lands against which the execution is sought, we should be inclined to doubt whether a judgment would be regular without some description of the lands; but however this may be, we are satisfied the plaintiff may be put to a specific description of the lands sought to be charged, by a general plea, denying that any lands passed to the heir by descent ; the replication to such a plea would, instead of being general, specify the particular lands.

In the present case, the issue seems to be formed without reference to any description whatever, but we do not think the onus of proof is thereby changed. If lands have descended to the heir, this is an affirmative fact which the plaintiff was required to show. In the nature of things, it was impossible for the other party to show that no lands passed to him by operation of law.

In this view there is no error in the record. Judgment affirmed.