# OGDEN & ELLISON et al. v. SMITH & RAYMOND.

1. A judgment creditor may in all cases, where an estate has not been declared insolvent, and the personal representatives have failed to apply for leave to sell the real estate, obtain satisfaction of his judgment by *scire facias* under the statute.

2. The proceeding by *scire facias* will not lie against a devisee of the land unless the devisee is also the heir at law.

3. A demurrer to a plea to a *scire facias*, will reach the *sci. fa.* if that is defective.

4. In a *scire facias* to have execution against land descended, the land sought to be subjected must be described.

Error to the County Court of Mobile.

The facts will sufficiently appear in the opinion.

D. SMITH, for plaintiff in error.

P. HAMILTON and G. N. STEWART, contra.

CHILTON, J.—This was a proceeding by *scire facias*, upon the suggestion of the defendants in error, in the county court of Mobile, to subject the lands belonging to the estate of Thomas Ellison, deceased, to the payment of a judgment against his executors.

The petition, or suggestion, sets out the judgment recovered against the said executors; that execution has been duly issued thereon, and returned "no property found," and that the same remains wholly unpaid, &c. "That real estate has descended to the heirs of said Thomas Ellison, deceased, and that a sale of a part thereof is necessary for the satisfaction of said judgment." The suggestion sets forth the names of the heirs, and the executors, and also the widow who is in possession of part of the real estate, and prays that they be made parties defendant, and that they show cause why the plaintiff in the judgment should not have execution against the real estate of the testator.

Upon this suggestion a *scire facias* was issued, which embodies the substance of the suggestion, and requires the defendants to show cause why the execution should not issue against the land, &c.

Ellen Ellison, the widow, answers the suggestion, and sets up the will of her deceased husband, by which the land on which she resides is devised to her during her natural life in lieu of dower, and the executors are required, out of his estate to discharge the incumbrance on the same. The will further directs the executors, to sell certain lots, specifying which should be first sold, should a sale thereof be necessary to the payment of the debts, and gives to the executors full power to make such sale. After the termination of the life estate of the widow, the real estate devised to her is to be equally divided among his children therein named.

The defendant insists, that the personal property, and other

land, should be sold and appropriated to the payment of the debts, before the land devised her, and which constituted her home, should be made subject to the judgment. To this plea of the widow, a demurrer was interposed by the defendants in error, which being sustained, the court proceeded to give judgment, that execution be awarded on the said judgment against the real estate, referred to in the *scire facias*, in the hands of any, and all of said defendants to the proceeding.

The executors, and heirs, refusing to join, the widow alone assigns errors upon the record:

*First*—It is insisted, that the whole proceeding was *coram non judice.* That the statute confers no power to subject lands in this mode to the satisfaction *of a judgment against the executors.* The statute is as follows: Whenever an executor of any testator, or administrator of any intestate, shall fail to apply to the orphans' court, for the sale of real estate, for the purpose of paying the debts due thereby, the judgment creditor may, upon filing a suggestion in the clerk's office in which judgment shall have been rendered, that real estate has descended to the heirs, and that the sale of the same, or some part thereof is necessary to the satisfaction of said judgment, and that said executor or administrator has failed or refused to make application for the sale thereof, and setting out the names of said personal representatives and heirs, sue out a *scire facias* against said executor, or administrator and heirs, returnable to the next term of said court, requiring them, then and there to show cause why said plaintiff should not have execution against said real estate, and if sufficient cause is not shown, execution shall be awarded against said real estate," &c. Dig. 197, § 27.

Before the passage of this act, it had been held by this court, that the remedy by *scire facias* did not lie against the heirs, upon a judgment obtained against the personal representatives after the death of the ancestor. The statute was doubtless designed to remedy this defect, and to authorize the judgment creditor in all cases, where the estate had not been declared insolvent, and when the personal representatives have failed to apply for leave to sell the real estate, to obtain satisfaction by this remedy. See Bell v. Robinson, 1

Stew. Rep. 193. In Fitzpatrick v. Edgar, 5 Ala. Rep. 499, it was insisted, that the statute applied only to judgments against the personal representatives, but this court say, " we perceive no reason for giving to it such a limited interpretation. The language is general, and sufficiently comprehensive to embrace all cases of judgments which bind the realty." With this construction of the statute we are content, as we think it accords with the general scope and design of our legislation upon this subject.

*Second*—It is insisted that the defence set up, that the land sought to be subjected had not descended to the heirs, but was specifically devised to the widow, was a good bar to the relief, and that the demurrer to the defendant's plea, or answer, should have been overruled. The demurrer admits that the real estate in possession of the plaintiff in error, was held by her by virtue of the will of the said Thomas Ellison, devised to her in lieu of dower. The statute in terms, confines the remedy to real estate which *descends to the heirs ;* the personal representatives and heirs, are required to be made parties, and the *scire facias* is to be sued out against these parties. Could we extend the remedy by construction so as to embrace the lands *devised*, by parity of reasoning, the statute would extend to every description of controversy respecting the liability of lands to the satisfaction of judgments. Not only the title of devisees, but that of donees, or vendees of the testator or intestate, whose right to the real estate the judgment creditor may desire to controvert, would become the subject of litigation in the orphans' court: a jurisdiction, which it is most manifest the legislature never intended to confer upon that court. The widow, who is a devisee of the land which she occupies, derives her title thereto directly under the will. The land does not therefore descend to the heir, so as to enable the judgment creditor to divest her right by a proceeding against them, and the statute makes no provision for a proceeding against her in this summary way. It is certainly true, that under our statutes the lands of the testator or intestate, are charged with the payment of the debts, however devised, or into whose hands soever they may go. Darrington v. Borland, 3 Por. Rep. 9, 33 ; 8 Ib. 389 ; Heirs and adm'rs of Hitchcock v. U. S. Bank

of Pa. 7 Ala. 386, 441. But the statutes point out the manner in which they may be subjected.

By the common law, the creditor by specialty had no remedy against the devisee, until the statute 3 W. & M. c. 14, § 2, which was enacted to remedy the defect in the 13 Eliz. c. 5, respecting fraudulent conveyances, so as to extend it to fraudulent *devises;* so that the defendants in error can derive no aid from a recourse to the common law rules respecting the remedy by *scire facias.* See Plunket v. Pearsen, 2 Atk. 292; 2 Saund. 37, n. 4; 2 Atk. 205. We are consequently of opinion, the interest of the widow could not be subjected by this proceeding. If the testator by his will, had made the same appropriation of his land, among his heirs, which the law without such will would make, in such case the heir takes by descent, and not by devise, and the will would interpose no objection to the relief by *scire facias.* Reading v. Royston, 1 Salk. 242; 2 Ld. Raym. 829.

*Third*—In proceeding by *sci. fa.*, no declaration is requisite, (Jackson v. Tanner, 18 Wend. Rep. 526,) and the *scire facias* should contain every thing which is required to make a good declaration. And if defective a demurrer to it will be sustained. McVicar v. Ludlow's heirs, 2 Ohio, 246; 4 Ib. 397; 5 Ib. 512; 8 Bouv. Bac. Ab. 619.

A demurrer then to the plea of the defendant reaches back to the *sci. fa.*, and if that be defective by the well established rules of pleading, the demurrer should have been visited upon it. In Wilkinson v. Allen et al, 11 Ala. Rep. 128, it is said " that although the suggestion and *sci. fa.* is not required to be specific in the description of the lands against which the execution is sought, we should be inclined to doubt whether a judgment would be regular without some description of the lands." In England, the practice under the stat. Westm. 2, c. 45, 13 Edw. 1., was, for the sheriff, at the nomination of the plaintiff, to return the *sci. fa.*, both as to the heirs and terre-tenants, describing therein the lands in their possession, which return was considered a part of the plaintiff's suggestion. See Jefferson, Ex'r, v. Morton, 2 Saund. 6, and notes. A *scire facias* to have execution against land descended, is in the nature of a proceeding *in rem,* and by analogy to proceedings of this kind, we think should describe the lands

sought to be subjected. If the administrator applies for an order to sell them, it is not necessary for him to set them out in his application. Besides, the owner of the land which is charged with the payment of the ancestor's debts, may be entitled to contribution, and the judgment of the court should furnish evidence of the condemnation of the particular land, so that the tenant could avail himself of it upon his application for such contribution. There is no hardship in thus requiring the land to be specified, as it imposes on the plaintiff no other than the usual burden of making out his case by showing what lands have descended to the heir. Neither the suggestion, *scire facias* or judgment in this case describe the land, and in this respect we think the proceeding manifestly defective.

Let the judgment be reversed and the cause remanded.