# McClellan v. Lipscomb.

56   255
113   119

### Statutory Real Action in Nature of Ejectment.

1. *Lien of attachment; death of defendant before judgment.*—When an attachment is levied on personal property, the death of the defendant before judgment does not destroy the lien, nor dissolve the attachment; but, if the levy is on lands, and the defendant dies before judgment, and the action is revived and prosecuted to judgment against his administrator, a sale of the lands under execution on such judgment conveys no title to the purchaser as against the heirs.

2. *Same; as to plaintiff's remedy, quære.*—Whether the plaintiff's remedy, in such case, is by *scire facias* against the heirs, under the statute of Westminister 2 (13 Edw. 1, ch. 45), as a part of the common law in this State, or by bill in equity, *quære.*

3. *Error without injury, in rulings on evidence.*—When the plaintiff in ejectment, or a statutory real action in the nature of ejectment, fails to show such title in himself as will sustain the action, this court will not, at his instance, reverse the judgment on account of any erroneous rulings on questions of evidence, which are, at most, only error without injury.

APPEAL from the Circuit Court of Madison.

Tried before the Hon. LOUIS WYETH.

This action was brought by Thomas J. McClellan, against Jefferson Humphrey, tenant in possession, to recover a certain tract of land in said county, containing about three hundred and twenty acres; and was commenced on the 26th September, 1873. The heirs-at-law of Mrs. Sarah Lipscomb, deceased, were made defendants, on their own motion, as landlords of the tenant in possession, and pleaded not guilty, with a suggestion of adverse possession for three years, and the erection of valuable improvements. On the trial, as the bill of exceptions shows, the plaintiff offered in evidence, in proof of his title, the record of an attachment suit instituted by him against the said Mrs. Sarah Lipscomb in her life-time, which showed the following proceedings: The attachment was sued out on the 22d October, 1867, on the ground that the defendant was "about fraudulently to dispose of her property," and was levied on the lands in controversy. Mrs. Lipscomb having died, and the suit having been thereupon revived against John T. Lipscomb as her administrator (which only appears, however, from a complaint which was substituted, on notice, and motion, after the commencement of this suit), a judgment was rendered on the 20th May, 1872, in favor of the plaintiff, and against the said administrator, for the amount of the debt claimed, with interest, and costs, amounting to about $2,500. On this judg-

ment an execution was issued, which is not set out in the record, but which is stated to have been "returned for *alias* October 24, 1872"; and an *alias* was thereupon issued on the 10th December, 1872, against "the goods and chattels, lands and tenements of John T. Lipscomb, administrator of the estate of Sarah Lipscomb, deceased," and levied on the lands in controversy. The lands were advertised for sale under this levy, and were sold on the first Monday in March, 1873; the plaintiff becoming the purchaser, at the price of $2,000, and receiving the sheriff's deed. The court excluded from the jury, on motion of the defendants, the execution and the sheriff's deed to the plaintiff; to which ruling the plaintiff reserved an exception. The plaintiff offered in evidence, also, a certified copy of a deed dated November 23, 1867, by which Mrs. Sarah Lipscomb conveyed the lands in controversy to her daughter-in-law, the wife of said John T. Lipscomb, for the consideration, as recited, of $2,000; which deed the court also excluded from the jury, on motion of the defendants, and the plaintiff excepted. In consequence of these rulings of the court, with others which require no special notice, the plaintiff was compelled to take a non-suit; which he now moves to set aside, and assigns as error the several rulings to which he reserved exceptions.

D. P. LEWIS, R. A. McCLELLAN, and D. D. SHELBY, for appellant.—The attachment suit did not abate by the death of Mrs. Lipscomb, but was properly revived against her administrator.—Rev. Code, §§ 2542, 2555; *Woolfork v. Ingram*, 53 Ala. 13; *Hendon v. White*, 52 Ala. 597. The lien of the attachment not being lost, the land was subject to the judgment and execution; and nothing passed by the deed to Mrs. Lipscomb's daughter-in-law. Besides, the doctrine of *lis pendens* applies to her, and those claiming under her, and attaches from the service of the process.—*Doe, ex dem. Chaudron v. Magee*, 8 Ala. 571; *Center v. P. & M. Bank*, 22 Ala. 743; *Murray v. Ballou*, 1 Johns. Ch. 566. If the deed was effectual to convey the title to the grantee, then no interest descended to the defendants as the heirs of their mother.

L. P. WALKER, BEIRNE, HUMES & GORDON, and BRANDON & JONES, *contra.*—The levy of an attachment does not change the defendant's estate, nor vest any title in the plaintiff; and if the defendant dies before judgment, the attachment abates.—Drake on Attachment, §§ 221, 222, 433; *Hale v. Cummings*, 3 Ala. 398. A purchaser at sheriff's sale acquires only such interest as the defendant in execution had.—*You v. Flinn*, 34 Ala. 409; *Davis v. McKinley*, 5 Ala. 719; Rorer

[McClellan v. Lipscomb.]

on Judicial Sales, § 1051. On the death of an intestate, his lands descend to the heir; and the title of the heir can only be divested by a sale in the mode prescribed by the statute.— *Masterson v. Girard*, 10 Ala. 60; *Chighizola v. LeBaron*, 21 Ala. 406; *Anderson v. McGowan*, 42 Ala. 280; *Hall v. Hall*, 47 Ala. 290; 3 Humph. 139. Lands of an intestate cannot be sold under execution issued on a judgment rendered against the administrator.—4 Kent, 428; *Carter v. Balfour*, 19 Ala. 814; *Bell v. Robinson*, 1 Stew. 193; *Lucas v. Price*, 4 Ala. 679; *Abercrombie v. Hall*, 6 Ala. 657; *Martin v. Br. Bank at Decatur*, 15 Ala 587. In ejectment, the plaintiff must recover on the strength of his own title, and not on the weakness of the defendant's title. Here, the plaintiff showed no title whatever in himself; and if the record shows any error whatever, it is only error without injury.

MANNING, J.—The plaintiff in the present cause had previously sued his debtor, Mrs. Lipscomb, by a writ of attachment, which was levied on land of the latter; the reason assigned for praying out the writ of attachment being, that the debtor was "about fraudulently to dispose of her property." She did, a few days later, make a deed of sale of a part of the land attached, to a daughter-in-law; and having afterwards died, the action was revived, and prosecuted to judgment against her administrator. On this judgment, writs of execution were issued, under which some of the lands attached were sold by the sheriff, and bought by the plaintiff. The action in the cause now before us was brought by him, against the tenant, to obtain possession of the lands; and the heirs of the deceased debtor, Mrs. Lipscomb, on their application, were let in to defend, instead of the tenant. On the trial, plaintiff offered, as evidence of his title, a record of the attachment suit, and of the sheriff's sale under the execution, and the sheriff's deed; which .evidence was, on motion of defendants, excluded by the court; and the principal question for us to decide is, whether or not, in this ruling, the Circuit Court erred.

According to the statute, "The levy of an attachment creates a lien, in favor of the plaintiff, upon the estate of the defendant so levied on, from the levy."—Rev. Code, § 2955. And in *Woolfork v. Ingram* (53 Ala. p. 13), it is said of this lien, "Nothing occurring subsequent to the levy can destroy it, but the dissolution of the attachment;" which is not dissolved by the death merely of the defendant. In that case, the property attached was personalty; the title to which, subject to the special property vested in the sheriff by the levy, passed, on the death of the original defendant, to his

(17)

executor, against whom the attachment suit was revived, and prosecuted to a judgment. The things levied on having been replevied by testator, and others as his bondsmen, who thereby became, in effect, bailees of the property, it was held, that as it was not forthcoming to satisfy the judgment, execution might issue thereupon, according to section 2966 of the Revised Code, against the sureties to the forfeited replevy bond, notwithstanding the death, before judgment, of their principal, the original defendant.

But the levy of either an attachment, or execution, upon realty, unlike a levy on personalty, does not invest the sheriff with a title, nor divest the owner of his title, or possession.— *Fry v. Branch Bank,* 16 Ala. 284-5. It only creates a lien, to be made available in the event judgment shall be rendered in favor of plaintiff in the suit; and if the judgment is obtained after the death of the owner, and a revival of the suit against his administrator (as in the present case), the lien cannot be enforced, by a sheriff's sale of the realty to satisfy an execution upon that judgment; because the judgment and execution are against the administrator, upon whom, as such, the title to the realty did not descend. On the death of the former owner, the title then in him passed to his heirs; and no man shall be deprived of his land, without an opportunity to defend his title against the claimant. In reference to an execution in the hands of a sheriff at the time of the defendant's death, the statute law has authorized lands subject to it, to be sold to satisfy it, or an *alias* issued to take its place, without the lapse of a term.—Rev. Code, § 2875; *Hendon v. White,* 52 Ala. 597. But there is no such enactment to carry into effect the lien of a writ of attachment levied on lands.

2. In what mode, in such a case as the present, the controversy must be instituted, it may not be easy to determine. In Tennessee, under an act of 1784, which authorizes a *scire facias* to issue to the heirs of a person against whom judgment was obtained in his life time, to show cause why plaintiff should not have execution thereof against the lands descended to them, it is held, that a creditor, who has obtained a lien by attachment on the land of his debtor, in the lifetime of the latter, and a judgment after his death against his administrator, may, when the personalty is exhausted, have a *scire facias* against the heirs, to subject the land which had been attached, to satisfaction of the judgment.—*Perkins' Heirs v. Norvell,* 6 Humph. 151. A similar statute in this State, not being incorporated in the Code, was abrogated by the adoption of it, which operated to repeal all general laws not contained therein. It is not, therefore, certain what

[McClellan v. Lipscomb.]

would now be the proper mode of obtaining satisfaction of the judgment in an attachment cause, in a case of that kind, in this State.—See *Bell v. Robinson's Heirs*, 1 Stew. 193 ; *Fry v. Br. Bank at Mobile*, 16 Ala. 282.

The writ of *scire facias* was anciently used by the English courts, as a common-law process of obtaining execution, against heirs, of a judgment rendered against their ancestor in his lifetime, for the recovery of land in a real action. In this manner, they were made parties to the record, so that consistently with it the execution might go against them. By the statute of Westminister 2 (13 Edw. 1, st. 1, ch. 45), enacted long before the settlement of this country, the writ was made available to obtain execution against the legal representatives of a deceased defendant to a judgment in a personal action also ; and under this act, it became a rule, that "where a new person, who was not a party to a judgment or recognizance, derives a benefit by, or becomes chargeable to the execution, there must be a *scire facias* to make him a party to the judgment or recognizance."—Foster on Scire Facias, 6, 99, 175. It is worthy of consideration, whether, under this statute, as a part of the common law in this State, a *scire facias* should be issued to heirs, to enforce a sale under execution of lands descended to them after being attached, or whether the plaintiff should have recourse to a court of equity, for its aid. As the question has not been argued, and it is not necessary for us to decide it, we leave it undetermined. Indeed, by itself simply, it is not now presented. Other questions are complicated with it by the execution of the deed to the daughter-in-law.

The sale of the land sued for in the present action having been made under a judgment and execution against the administrator alone, after the death of the original defendant, when there was no title in the administrator to be sold, the purchaser from the sheriff acquired none upon which he could maintain this action. The court, therefore, did not err in excluding the record of the former suit, and the execution therein and sheriff's deed, from the jury.

3. It is not contended that the plaintiff had any right, other than that supposed to have been derived through these proceedings. In this controversy, he must rely on the strength of his own title—not on the infirmity of that of his adversaries. And as he had none that would enable him to maintain his suit, no damage could come to him from the exclusion from the jury of the deed of Mrs. Lipscomb to her daughter-in-law, or any of the other evidence on his behalf which the court ruled out.

The judgment of the Circuit Court must be affirmed.

BRICKELL, C. J., not sitting.