(118 So. 682)
**DORLON v. BLAN, State Auditor.**
**(3 Div. 605.)**

Court of Appeals of Alabama.   Oct. 30, 1928.

Rehearing Denied Nov. 20, 1928.

E. W. Wadsworth, of Montgomery, for appellant.

Charlie C. McCall, Atty. Gen., for appellee.

SAMFORD, J. The appellant, George A. Dorlon, was tax collector of Mobile county during the fiscal years 1926 and 1927. During each of these he made final settlement with the state auditor as provided by section 232 of the Revenue Act 1919 (Acts 1919, pp. 350 and 351), which is the same as section 211 of the "Revenue Laws of Alabama," compiled by Allen. This section, so far as necessary here to quote, reads as follows:

"On or before the first day of July in each year, the Tax Collector must make final settlement, under oath, with the State Auditor, of all matters pertaining to the office of Tax Collector and pay over to the State Treasurer the balance which may be found due from him for taxes with which he is chargeable under the laws of the State; and at that time he must also account to the State Auditor and pay over to the State Treasurer all money received by him for the sale of lands and other property which may have been sold for payment of taxes and also account to the State Auditor for all lands bought in by the State. He must also report under oath to the State Auditor, and pay over to the State Treasurer all escaped taxes assessed and collected by him."

It is the contention of the appellant that, on final settlement with the state auditor for the fiscal year 1926, he was due commissions for lands bought in by the state at tax sales, as commissions on taxes collected by him, the sum of $58.51, and for the fiscal year 1927 the sum of $80.25, making a total of $147.76. He claims that he was due these amounts on such final settlements. He alleges, in first paragraph of his petition for writ of mandamus, that he "is entitled, under the laws of the State of Alabama, to commissions on taxes on real estate bid in by the State at tax sales during such period, but your petitioner states that he has never been paid or allowed such commissions, but that they were overpaid into the State Treasury."

In other words, he contends that he was due commissions on taxes on real estate bid in by the state at tax sales which he should have been allowed to take out of the taxes collected by him, on final settlements; and, not having been so allowed, he therefore overpaid into the state treasury the sum already named.

He claims a right to the writ of mandamus under the provisions of section 314 of the Revenue Act 1919 (Acts 1919, pp. 373 and 374). This section reads as follows:

"When the State Auditor finds that he has failed to give any tax collector credit for commissions to which he is entitled, he is authorized to correct such error in his settlement with such collector; and if the account of such collector has been closed, and such commissions have been paid into the State Treasury, the State Auditor shall draw his warrant on the State Treasurer for the amount thereof in favor of such collector."

The state auditor, appellee here, contends that tax collectors are not entitled to commissions "on taxes on real estate bought in by the State," and that, therefore, he has not failed to give the petitioner, appellant, credit for commissions to which he is entitled. Appellee makes this contention on the grounds that no statute prior to section 3048 of the Code 1923 ever attempted to make such a provision, that no such commissions have ever been allowed a tax collector, by an auditor, in the history of the state, and that, since the provision in section 3048 of the Code 1923, "including taxes on real estate bid in by the State" is void, there is still no statute of the state allowing such commissions.

■ On examination of section 3048 of the Code 1923, it will be noted that, by marginal reference, it purports to be a codification of an Act of November 1, 1921 (Acts 1921, p. 48, § 1). The act in question, so far as necessary here to quote, reads as follows:

"The tax collector shall be entitled to receive commissions on taxes collected by him as follows," etc.

Section 3048 of the Code 1923 reads as follows:

"The tax collector shall be entitled to receive commissions on taxes collected by him, including taxes on real estate bid in by the State at tax sale, as follows."

The words, "including taxes on real estate bid in by the State at tax sale," nor words to that effect, have ever been in any statute of the state of Alabama providing for commissions to tax collectors except in said section 3048 of the Code 1923.

Prior to the Code of 1923, the provision for commissions to a tax collector has been substantially as already quoted from the Act of November 1, 1921, viz.: "The Tax Collector shall be entitled to receive commissions on taxes collected by him as follows."

The questions at issue turn upon the validity of section 3048 of the Code of 1923 as applied to the facts of this case.

We are not impressed with the contention of the state that the above section violates either section 68 or 281 of the Constitution of 1901. These sections are limited to "the term for which he shall have been elected or appointed." In the instant case relator was serving a term created by the Legislature and by virtue of legislative appointment for that term. The increase of fees provided by section 3048, if indeed there is an increase, was not for the term for which relator was elected. Acts 1923, p. 198, § 86a.

■ Under the revenue laws of the state, the relator was entitled to receive commissions on taxes collected by him. Acts 1921, p. 48, § 1. This statute did not entitle him to be paid by the state the fees and commission in cases where the state purchased property at tax sale. When lands are sold for unpaid taxes under the revenue laws of 1919, and the state is forced to bid them in at the sale, thereby taking title for the benefit of itself and others concerned, the bid includes the county tax, with interest thereon and the penalties incurred, but the state is not liable to the county for the amount of the county tax, nor is a tax collector entitled on settlement of his accounts with the auditor to a credit for either of these amounts. The purchase by the state is ex necessitate. State ex rel. Lott v. Brewer, 64 Ala. 287.

Section 3048 of the Code of 1923 relates to and undertakes to change section 1 of Acts 1921, p. 48. By the specific terms of section 3, p. 127, Acts 1923, section 3048 as the same appears in the Code of 1923 has never been enacted into law. The relator's case depends upon section 3048, supra, and, as that has never been the law, the trial court properly sustained the state's demurrer. The judgment is affirmed.

Affirmed.