(122 So. 639)

## CITY OF MONTGOMERY v. AMERICAN RY. EXPRESS CO. (3 Div. 893.)

Supreme Court of Alabama. May 30, 1929.

Goodwyn & Goodwyn and C. P. McIntyre, all of Montgomery, for appellant.

George W. Jones and Eugene Ballard, both of Montgomery, and Robert C. Alston, of Atlanta, Ga., for appellee.

SAYRE, J. Section 2158 of the Code of 1923 provides as follows: "The maximum amount of privilege or license tax which the several municipalities within this State may annually assess and collect of persons, firms or corporations engaged in the express business within the limits of such municipalities for the privilege of doing intrastate business * * * is fixed as follows: * * * in municipalities having a population of thirty thousand and over, five hundred dollars per annum. * * * Where more than one express company does business in any municipality, the privilege or. license tax as hereinabove provided for shall be equally divided between such two or more express companies, so that the aggregate collected by such municipalities from such two or more express companies shall not exceed such maximum in any one year."

The defendant, American Railway Express Company, and the Southeastern Express Company each maintains an office and does an intrastate express business in the city of Montgomery. The municipal taxing authorities have assessed a tax of $500 against each of the companies. Defendant contends that the maximum limit of the tax assessable against it is $250, and tenders that amount. In the trial court it was ruled that the defendant had the right of the controversy, and the city has appealed to this court for an authoritative construction of the quoted and related statutes.

Sections 11 and 12 of the Code, supposed to be influential in the premises, are as follows:

"Section 11. Laws continued in force and laws repealed. This Code shall not affect any existing right, remedy, or defense, nor shall it affect any prosecution now commenced, or which shall be hereafter commenced, for any offense already committed. As to all such cases the laws in force at the adoption of this Code shall continue in force. But this section does not apply to changes in forms of remedy or defense, to rules of evidence, nor to provisions authorizing amendments of process, proceedings or pleadings in civil causes. Local, private, or special statutes, and those public laws not of a general and permanent nature, and those which now relate to or can apply to but one county, one municipality, or one particular district, circuit or territory, and those relating to the swamp and overflowed lands, drainage districts, stump, and land-clearing districts, and those relating to the public debt, and those relating to institutions of learning, and those relating to the jurisdiction and practice of courts in any division, circuit, county, or other territory less than the entire state, are not repealed by this Code. But subject to the foregoing provisions and the following section, or as may be otherwise provided in this Code, all statutes of a public, general, and permanent nature, not included in this Code, are repealed."

"Section 12. Certain acts omitted from this Code. The revenue laws, the laws relating to the department of education, the laws relating to the department of Agriculture, the laws relating to the game and fish department shall be published in pamphlet form and are not required to be codified or incorporated in this Code, and all statutes relating to the department of education, or the public schools or institutions of learning, and those relating to agriculture or the department of agriculture, or agricultural extension work and the laws relating to the game and fish department are not repealed or affected by the adoption of this Code, or by being omitted from the Code in whole or in part, but shall be given effect as if they formed a part of this Code."

Section 3 of the act "To adopt a Code of Laws" (Acts 1923, p. 127) is also referred to. It reads:

"Section 3. No statute which applies or relates or which was intended to apply or relate to but one county, one municipality, or one other political subdivision of the State, though such statute might, strictly speaking, be classed as a general law, shall be repealed or affected in any manner by the adoption of this Code or the failure to incorporate it in the Code as a part thereof; but such statute shall remain unrepealed and be given the same force and effect as if it had been incorporated in the Code as a part thereof. Likewise, no statute applying to the revenue laws of this State, or to taxation, to schools, to education, to agriculture, to horticulture, or other industries, or to the game and fish department of the state, or relating to such subjects, shall be repealed or affected in any manner by the adoption of this Code, or by the failure to incorporate such statutes as a part thereof."

■■ All these legislative enactments became effective on the adoption of the Code of 1923. Sections 11 and 12 of that Code are general provisions, and so, for that matter, is the act adopting the Code. Section 2158 is also a

general law, but its whole effect is to regulate express companies by imposing a license tax on intrastate business done in the several municipalities of the state. It is a special provision; the others referred to are general. A single rule of statutory construction suffices to solve the problem, if we may so speak of it—generalia specialibus non derogant. State ex rel. Tubbs v. White, 160 Ala. 168, 49 So. 78. If it be conceded that there is a conflict in the letter of the statutes under consideration, the general language of sections 11 and 12 will be given effect save as it is modified or limited in its application to express companies as provided by the quoted provision of section 2158. The trial court, giving effect to the stated principle of statutory construction, held that the defendant express company was liable for one-half the maximum license fee, viz. $250.

The judgment is affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.