(125 So. 906)

**BOARD OF SCHOOL COM'RS OF MOBILE COUNTY v. AMERICAN SURETY CO. OF NEW YORK. (I Div. 575.)**

Supreme Court of Alabama. Jan. 23, 1930.

Pillans, Cowley & Gresham, of Mobile, for appellant.

Stevens, McCorvey, McLeod, Goode & Turner, of Mobile, and Pettus & Fuller, of Selma, for appellee.

SAYRE, J. The action is against appellee as surety on the official bond of George A. Dorlon as tax collector of Mobile county, and the allegation is that Dorlon as such tax collector did unlawfully retain the sum of $19,-580.84; the same being commissions of 2 per cent. on the amount collected by him as special county and district school taxes during the tax years 1925–26 and 1926–27. Appellee was appointed, January 7, 1925, to serve for the then unexpired term of Phelan B. Dorlon, deceased. The then unexpired term ended on the first Monday in August, 1925. August 29, 1925, George A. Dorlon was again commissioned for a further term of two years —this in pursuance of section 86A of the General Revenue Act approved August 22, 1923. Acts 1923, p. 198. Appellee became surety on the bond George A. Dorlon was required to give covering the extended term, and the school taxes out of which he has retained 2 per cent. were collected by him during his extended term. Dorlon's right to the commissions in dispute depends upon the construction and operation of section 3048 of the Code of 1923.

The contention on behalf of appellant is that section 3048, as a declaration of substantive law, has no proper place in the Code. In Dorlon v. Blan, 22 Ala. App. 622, 118 So. 682, it was held that section 3048 had never been the law. We are unable to follow the Court of Appeals in that statement. The concluding provision of section 3 of the Act of August 17, 1923 (Acts 1923, p. 127), adopting the Code, reads as follows:

"No statute applying to the revenue laws of this State, or to taxation, to schools, to education, to agriculture, to horticulture, or other industries, or to the game and fish department of the State, or relating to such subjects, shall be repealed or affected in any manner by the adoption of this Code, or by the failure to incorporate such statutes as a part thereof."

To the same effect in general is section 12 of the Code. But section 3 of the Act of 1923 and section 12 of the Code as adopted are far from saying that no new provision of the Code relating to the enumerated subjects shall have the effect of statute law. Their effect is to save intact, as against any implication of repeal by omission, the statute law of the several enumerated subjects

as it was prior to the adoption of the Code. State v. Acacia Mut. Life Ass'n, 214 Ala. 628, 108 So. 756. But new provisions not in conflict with previous statutory law, or for that matter, provisions new to the Code, are not deprived of the legislative sanction implied by their incorporation in the Code. New provisions—some of them, it may be conceded, in conflict with previous statutory law—are found in section 3048 of the Code, among them the provision just here in question, viz.: "The tax collector shall receive two per cent. commission on all special county or district taxes levied for school purposes." The quoted provision differs from the provision of prior law, the Act of November 1, 1921 (Acts 1921 [Sp. Sess.] p. 48), in that the prior law, in so far as it related to the item of compensation here in question, read as follows: "He [the tax collector] shall also be entitled to receive two per cent. on all collections made by him of special taxes, whether such special taxes be levied for the State or county." No question is presented as to his right to a commission on special taxes other than school taxes. Moreover, section 3048 of the Code, along with section 12 thereof, and section 3 of the act adopting the Code, all became law at one time, viz. July 17, 1924, the date when the Code went into effect, and must be harmonized and made to be jointly co-operative, if possible. A like rule of construction was adopted in Montgomery v. Am. Ry. Express, 219 Ala. 476, 122 So. 639, and that rule in the present case leads to the conclusion that the purpose of the Legislature in adopting these several laws at one time was to guard against any unfavorable effect that might otherwise result from the omission of numerous subjects, among them the revenue law, from the body of the Code. State v. Acacia Mut. Life Ass'n, supra. Section 3048 went into the Code with the same legislative sanction as any other section. It must be construed in connection with the sections which have been omitted, and it and the omitted sections stand to each other in the same relation as do the other sections of the Code. It and the omitted sections must be construed as if each and every of them appeared in the Code, and, so construed, section 3048 must in case of conflict be allowed to prevail over the omitted sections, for the reason that it witnesses the later expression of the legislative will.

The note—of the codifier, as we presume—appearing under the beginning of the chapter on "Taxation" in the Code, and stating that the sections there appearing were codified for convenience of ready reference, has no effect whatever in relation to the authority and meaning of those sections. Those sections, including the subject of inquest, section 3048, are as much sections of the adopted Code as any other. The legislature, not the

codifier, is responsible for their incorporation in the Code.

█ But, of course, section 3048, like all the rest, is subject to constitutional limitations, one of which is that "the Legislature shall have no power * * * to increase or decrease the fees and compensation of such officers (public officers) during their terms of office. * * *" Constitution, § 68. The legislative provision increasing the commission to be retained by the tax collector out of special taxes levied for school purposes (section 3048) was enacted during the unexpired term of Phelan Dorlon. The commissions in controversy come out of taxes collected by George Dorlon during the extended term to which he succeeded in virtue of section 86A of the Act approved August 22, 1923, as heretofore stated. The Code was adopted August 17, 1923, and, as we have said, went into effect July 17, 1924. The constitutional mandate of section 68 prevented the operation of section 3048 of the Code so far as concerned the increase of the tax collector's fees, commissions, compensation, for services rendered during his then current term. But the increase was lawful and effectual for subsequent terms. Dorlon's extended term was created subsequent to the adoption of section 3048 of the Code, as the dates above recited show beyond peradventure. It follows that Dorlon's fees in controversy, though increased over the fees allowed during the term for which he was appointed by the Governor, were not obnoxious to section 68 of the Constitution because they were earned in a term or part of a term, if that form of expression be preferred, created subsequent to the enactment of section 3048 of the Code.

The conclusions hereinbefore stated make it unnecessary to consider other questions presented by the brief.

The judgment of the circuit court for the defendant, now appellee, is due to be affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.