112 So.2d 496

C. Winston COOPER

v.

HOUSTON COUNTY.

4 Div. 379.

Court of Appeals of Alabama.

Feb. 17, 1959.

Rehearing Denied March 10, 1959.

L. A. Farmer, Dothan, for appellant.

Wm. G. Hause, Dothan, for appellee.

HARWOOD, Presiding Judge.

In the court below the complaint as filed contained four counts. Counts 1 and 2 were common counts, for money due, and for work and labor, respectively.

Counts 3 and 4 were in assumpsit, and set up the terms of a contract of employment between the plaintiff and defendant, its breach, etc.

The defendant's demurrers to the complaint and to each count thereof were sustained.

The plaintiff thereafter amended his complaint by filing count 5.

The defendant again filed demurrers to the complaint as amended, and to each count thereof, and the demurrers were sustained.

The plaintiff thereupon took a non suit with leave to appeal, etc., and perfected his appeal to this court.

As stated in plaintiff-appellant's brief:

"The basis of the claim of Appellant arises from an agreement entered into by and between the Appellant and Appellee on May 17, 1957. It is *avered* in each of said Counts Three, Four and Five that such agreement or contract was for the employment of the Appellant as County Engineer for Houston County for the period beginning May 13, 1957, and ending January 19, 1959. Said contract was in writing and signed by both parties to the agreement. The other averments of each count relate to the compliance of Appellant with the provisions of said agreement, the failure of Appellee to pay for his services under said contract, and the presentment of said claim to Appellee for payment, which was disallowed."

By Section 67, Title 12, Chapter 5, Code of Alabama 1940, (Title 12 pertaining to Counties), the court of county commissioners, or like governing body is authorized to appoint a county engineer, who shall engage in no other employment, and whose salary shall not exceed $4,000 per annum. It is further provided that: "No contract of employment or appointment to office of such engineer can exceed two years."

Section 67 of said Chapter 5 sets forth the requisite qualifications of county engineers, and Section 69 sets forth their duties.

The above statute will, for convenience hereinafter be referred to as the Henderson Act.

In 1951 an act was passed pertaining to the Board of Revenue of Houston County. See 1951 Acts of Alabama, p. 388, Act 155.

The pertinent parts of this act, so far as this review is concerned, provide:

"The Board of Revenue shall immediately elect or appoint said * * * County Engineer after a vacancy is created in said office *and each succeeding Board of Revenue shall elect or appoint said * * * County Engineer immediately after their induction in office. The term of said office of said * * * County Engineer shall continue after election or appointment thereof at the will of the Board of*

*Revenue,* provided, however, that in the event said Board of Revenue, shall elect or appoint a County Engineer, same shall also be subject to the terms and provisions of said Henderson Act. (Chapter 5, supra) as aforesaid." (Italics ours.)

Again, for convenience, this act will hereinafter be referred to as the Houston County Act.

The contract in counts 3, 4, and 5, shows that appellant was appointed as County Engineer by the then Board of Revenue of Houston County for a period of time beginning 13 May 1957, and ending 19 January 1959.

Such contract was beyond the power of the Board of Revenue in view of the provisions of the Houston County Act, specifically providing that the County Engineer should serve at the will of the Board of Revenue.

 Counties are governmental agencies of the State, and are liable for those claims only which the law empowers them to contract for, Board of Revenue and Road Commissioners of Mobile County v. State ex rel. Drago, 172 Ala. 155, 54 So. 995; and ordinarily a recovery cannot be had on a contract entered into with a county governing body if the contract is beyond the authority given the governing body by statute within constitutional limitations.

It is abundantly clear from a reading of Houston County Act, supra, that the attempted contract entered into between the Board of Revenue of Houston County, and the appellant, seeking to appoint the appellant as County Engineer for a definite period of time, rather than at the will of the Board of Revenue as specifically provided, was beyond the authority of the Board of Revenue, and the attempted contract was a nullity.

No error resulted from the sustension of the demurrers to counts 3, 4, and 5.

In this conclusion we have not overlooked that part of the Houston County Act to the effect that in the event the Board of Revenue shall appoint a County Engineer "same shall also be subject to the terms and provisions of said Henderson Act."

 The word "same" must be deemed referable to those portions of the Henderson Act pertaining to the qualifications, etc. of the person appointed as County Engineer, and not to the term of office, in view of the specific provision in the Houston County Act that the term of the County Engineer shall be at the will of the Board of Revenue. Such specific provision must be deemed to prevail over the general provisions subjecting the office of County Engineer to the terms of the Henderson Act. See Ivey v. Railway Fuel Co., 218 Ala. 407, 118 So. 583; City of Montgomery v. American Ry. Exp. Co., 219 Ala. 476, 122 So. 639.

 Counts 1 and 2 were in code form. The court below was in error therefore in sustaining the demurrers as to these two counts. Webb v. Litz, 39 Ala.App. 443, 102 So.2d 915.

 While counsel for appellant has stated in his brief that the sole basis of appellant's claim against Houston County arises from the contract made the basis of counts 3, 4, and 5, such is a matter of evidence, and not of pleading, and clearly not before us under the limitations imposed by the nature of this appeal.

Accepting appellant's counsel's statement that the basis of appellant's claim is the attempted contract which in our opinion is void, it would appear that appellant could not recover in any event. Yet, as before stated, this is a matter of evidence, and in this appeal we are concerned only with the sufficiency of each separate count of the complaint. Counts 1 and 2, being common counts in code form, were not subject to demurrer.

It results that an order should, and hereby is, entered affirming the judgment in so far as it sustains the demurrers to counts 3, 4, and 5, and reversing that part of the judgment which sustains the demurrers to counts 1 and 2.

Affirmed in part, and reversed and remanded in part.