CUMMINGS et al. *vs.* M'GEHEE.

1. Trespass for *mesne* profits, is not maintainable after a recovery of possession in ejectment, but damages may be recovered for the period intervening between the recovery of judgment, and the execution of the writ of *habere facias.*

Error to Benton Circuit court.

Trespass, tried before *Shortridge,* J.   Verdict and judgment for plaintiff.

In this case, there had been a recovery of the land in an action of trespass to try titles, previous to the commencement of the present suit.   Judgment for plaintiff below was rendered upon a demurrer to the evidence, and the damages assessed by a jury.

The plaintiffs here assigned for error—

1. That the action of trespass to recover *mesne* profits cannot be maintained in this State, after trespass to try titles;

2. That the declaration of plaintiff below, contained no substantial cause of action.

*W. B. Martin*, for plaintiff in error.
*Moody*, contra.

COLLIER, C. J.—The points made in the assignment of errors, lead us to enquire—

1. Is the action of trespass for *mesne* profits, maintainable in this country after the recovery of possession in *ejectment*, or *trespass to try titles*, &c.?

2. Are the facts set out in the demurrer to evidence, sufficient to entitle the defendant in error (under his declaration) to the judgment of the court?

1. By the act of December, eighteen hundred and twenty-one, " to abolish the fictitious proceedings in ejectment, and for other purposes therein mentioned," (Aik. Dig. 265,) a remedy is given to the owner of lands to recover the possession in an action of trespass, and in the same proceeding, to recover *damages* and *costs*. By a statute passed in January, eighteen hundred and thirty-five, " in relation to 'suits of ejectment and demurrers," the plaintiff, at his election, may bring either trespass to try title, or the action of ejectment, and when ejectment is brought, it is declared to be not only lawful, but the duty of the jury trying the case, " to asses the damages in favor of the *real plaintiff*, as in actions of trespass to try titles"—(Acts of 1824, p. 30.) Thus we discover, that instead of requiring the owner of land to bring two actions, as at common law, in order to complete justice, the same purpose may be effected by a single suit. In fact, the right of the plaintiff to recover damages, and the extent of them, are questions litigated upon the record, in an action to try title, and a successful plaintiff, who has

Cummings et al. *vs.* M'Gehee.

recovered no damages, or very inadequate damages, will be precluded from a re-assertion of his claim, in a subsequent and different action. It is a well established rule, that judgments are conclusive between parties and privies, not only as to those questions which were *in point of fact* adjudged by the courts rendering them, but they are alike decisive upon all the points that were in issue, or properly determinable. It is upon this principle, that an action of trespass for the recovery of *mesne* profits accruing previous to the rendition of judgment in ejectment, or trespass to try titles cannot be maintained —(Sumter vs. Lehie, 1 Const. Rep. So. Ca. 102; Coleman vs. Parish, 1 McCord's R. 264; see also Denn vs. Chubb, 1 Coxe's Rep. 466.) But there is no rule of law, that would be violated, by allowing a successful plaintiff to recover damages for the period intervening between the recovery of judgment, and the execution of a writ of *habere facias possessionem*. In fact, moral justice demands it. Now, we cannot learn from the declaration, but that such was the *only object* proposed by the defendant in error; true, he declares for costs expended in effecting the recovery of possession, yet these expenditures may have been made subsequent to the judgment, in consequence of obstacles interposed to its execution, by the plaintiffs in error. All the costs up to that time, or *directly* and necessarily consequent upon that suit, should have been considered by the jury in their verdict, but such as were occasioned by another proceeding affecting the subject, could not have been anticipated. Inasmuch, then, as it does not appear from the declaration, that it embraces matters litigated by the first suit, but may be

for a cause occurring subsequently, we are of opinion that it is not *substantially defective.*

2. A demurrer to evidence, does not bring to the view of the court, an objection to the pleadings—(Coit vs. Birkbeck, 1 Doug. R. 218)—It is a confession by the party demurring, of the truth of the facts given in evidence, and of the inferences and conclusions which, by a fair presumption, are deducible from those facts, and a reference of the law arising upon them to the decision of the court—(1 Phil. Ev. 297; Gibson vs. Hunter, 2 H. Bla. R. 206; 1 C. & P. 237.) The question referred to us by the assignment of errors, is, whether the facts and inferences admitted by the plaintiffs in error, authorised the Circuit court to overrule their demurrer. We think the evidence so full and direct, as scarcely to admit of controversy. The first witness, whose testimony is disclosed in the demurrer, "stated that the defendants cultivated the land in the declaration mentioned, in the year eighteen hundred and thirty-six." The defendant in error "also read in evidence the record of a suit of the plaintiff against defendant, Fenton Cummings, and also one, of the plaintiffs, against Thomas Cummings, for the same land, in which plaintiff recovered at October term, eighteen hundred and thirty-five, the said land, and two hundred dollars damages; also, the writ of possession and its execution; also, the record of a suit in Chancery, in behalf of Fenton Cummings, filed in Benton Circuit court, against plaintiff and others, with an injunction duly served, and the bond given by the defendant, Cummings, for the same to the plaintiff, in which bill, the defendant, Cummings, claims this land by virtue of a

Cummings et al. *vs.* M'Gehee.

pre-emption right. Said injunction was discharged at the *Fall term, eighteen hundred and thirty-six,* of the said court."

Here is positive proof that the defendant recovered a judgment in October, eighteen hundred and thirty-five, affirming his title to the lands on which the plaintiffs in error are charged to have trespassed ; that he was kept out of possession in eighteen hundred and thirty-six, by the act of Fenton Cummings, and that both Fenton and Thomas Cummings cultivated the cleared land that year. It is difficult to conceive a stronger case, than the defendant in error presented to the court for its decision upon the demurrer.

The judgment must be affirmed.