# Quinn *v.* Pratt Consolidated Coal Co.

## Damage for Waste.

(Decided June 11, 1912. 59 South. 49.)

1. *Waste; Action; Damages.*—Where a grantor goes into equity and procures the cancellation of his deed for fraud and recovers possession, he can, in an action on the case for waste, recover damages for all the injuries to the reversion by the grantee while in possession although the acts were not continuous.

2. *Judgment; Res Judicata; Plea.*—A plea of res judicata which neither sets out the record of the prior proceedings nor states in the way of conclusion the entire effect of the decree therein, is insufficient.

3. *Appeal and Error; Harmless Error; Pleadings.*—The error in sustaining a demurrer to a count for waste because the acts of waste alleged were not continuous, was not cured by permitting plaintiff to prove allegations of another count repeating those of the stricken count with some variation in the details of elements and damages, such count alleging that the acts were continuous, as the last averment placed an additional burden on plaintiff.

APPEAL from Jefferson Circuit Court.

Heard before Hon. A. O. LANE.

Action by C. E. Quinn against the Pratt Consolidated Coal Company for damages for waste to his reversion. Judgment for defendant and plaintiff appeals. Reversed and remanded.

HARSH, BEDDOW & FITTS, for appellant. Fraud by one accompanied with damages to the party defrauded gives a right of action.—Sec. 2468, Code 1907. The legal title could not protect them in the waste.—*Foster v. Kennedy*, 38 Ala. 359; 20 Cyc. 130, et seq. Counsel discuss other assignment of error, but without further citation of authority.

PERCY, BENNERS & BURR, for appellee. If there was error in sustaining the demurrers it was without in-

jury as plaintiff had the benefit of the same allega-
tion in other counts.—*Whaley v. Sloss-Sheffield,* 51
South. 418; *Ala. S. & W. Co. v. Thompson,* 52 South.
75. The 4th and 5th counts could not be joined.—Sec.
5329, Code 1907. The plaintiff must have a legal title
to maintain a personal or transitory action of trespass
or conversion.—*Aldrich M. Co. v. Pearce,* 169 Ala. 161.
Pleas 6 and 7 were good pleas of res judicata.—*Drink-
ard v. Oden,* 150 Ala. 475; *Montgomery v. Roman,* 147
Ala. 437. Where equity acquires jurisdiction for one
purpose, it will settle all matters involved in the lit-
igation, legal as well as equitable.—*Shipman v. Fur-
niss,* 69 Ala. 563; *Ware v. Russell,* 70 Ala. 174.

SAYRE, J.—This is an appeal upon the record prop-
er. There is no bill of exceptions. On the day of the
trial there were repeated amendments of the complaint
by the addition of counts and by changes in the counts
after addition. There were also repeated demurrers
filed and refiled; but it is doubtful that the transcript
exhibits the pleadings in the order in which they were
filed, nor are the rulings shown in the judgment entry
so elaborated as to exhibit with precision the grounds
upon which demurrers were sustained to the complaint
and to counts thereof at various stages of the cause.
Counsel are not agreed in all respects as to the mean-
ing of the record, and we are unable to say with con-
fidence just what it does mean in some respects. We
are unable to say with certainty what grounds of de-
murrer were assigned to count 1, whether the original
demurrer to that count was sustained, or whether the
ruling against the count was made after the demurrer
had been amended by the incorporation of other
grounds which were addressed, not to any count specifi-
cally, but to "the complaint or any count thereof." It

is clear, however, that a demurrer to count 1 was sustained, and, attributing to the trial court a consistent theory and treatment of the case throughout, the inference is easy that the demurrer was sustained on the belated ground that all the acts of waste complained of were not alleged to have constituted one continuous wrong; in other words, the court considered the count as claiming for a number of separate and distinct trespasses. Count 1 stated plaintiff's damages as follows: "That at many different times during the time, to wit, 1905, 1906, 1907, and 1908, while said defendant was in the illegal and wrongful possession of said lands, under and by virtue of said fraudulent deed, it wrongfully caused great waste and damage to same, that is to say, by cutting and removing, to wit, 2,000 pine trees, 1,000 oak trees therefrom, by removing and destroying 1,000 panels of fencing therefrom, by removing, to wit, 2,000 yards of clay, chirt, sand, and rock therefrom, by destroying the roadbed of the road most usually traveled thereon, by building a railroad bed thereon, by building a railroad trestle thereon, by excavating thereon, so as to divert the natural course of the stream thereon, thereby causing the stream to overflow plaintiff's lands, all to his damage $5,000, as aforesaid." Count 4, which was added by amendment after count 1 had been stricken by the ruling on demurrer, stated the same cause of action, and, with some variation in details, stated plaintiff's damages in the same general way as count 1. And to count 4 in its original shape a demurrer was sustained; but after the last numbered count had been amended by the addition of an averment that "all of said acts of waste so committed by defendant occurred, to wit, between the 24th of March, 1905, up to the 1st of November, 1908, and was continuous during said time," the refiled demurrer was

overruled. Hence our inference as to the import of the ruling on demurrer to count 1. This inference is not indulged for the purpose of putting the trial court in error, but to show the court's probable theory of the law of the case, and that its error in sustaining a demurrer to count 1 was not error without injury.

Count 1 was not demurrable on any ground assigned, nor, so far as we are advised, on any other. The court's error seems to have arisen from its treatment of the count as an ordinary count in trespass, or perhaps as a count in case, without consideration of the fact that the wrongs complained of were done by defendant while in possession, and that it was necessary for plaintiff to recover possession before bringing his action for such wrongs. The substance of the count is that on the 24th day of March, 1905, plaintiff was the owner and in possession of a described tract of land; that on that date defendant by false and fraudulent representations induced plaintiff to execute and deliver a deed under which defendant went into possession; that said deed was canceled by a decree of a court of equity on May 30, 1908, whereupon plaintiff took possession which he now holds; that pending the defendant's possession it committed the wrongs complained of. Defendant held possession under the legal title, but his title was voidable. The proceeding in equity was for the avoidance of defendant's title and the recovery of possession—an equitable ejectment. In the common-law action of ejectment only nominal damages were recoverable. Damages sustained by the plaintiff in being kept out of the mesne profits could not be included in the verdict. The law therefore provided a remedy for that injury by an action in form an action of trespass vi et armis, but, in effect, to recover the rents and profits of the estate. That form of action

was adapted to that use on the notion that the action was "consequent upon, and, as it were, supplemental to, the action of ejectment, and therefore must necessarily be of the same species with it."—1 Chit. Pl. 215. The rule as to damages has been generally so modified as to permit the plaintiff in ejectment to recover not only mesne profits, but also damages for waste and injuries done to the freehold, the measure of which is the diminished value of the land.—15 Cyc. 208. For a long time in this state damages in ejectment were limited to mesne profits by the statute.—*Prestwood v. Watson*, 111 Ala. 604, 20 South. 600. But now the plaintiff in ejectment at law may recover mesne profits and damages for waste, or any other injury to lands. to be computed up to the time of the verdict.—Code, § 3839. Whatever may be the rule in that respect at this time, prior to the Code of 1907, after the lawful owner had recovered the possession whether by his action of ejectment or by re-entry, he might maintain his separate action of trespass for the recovery of waste.— *Lyons v. Stickney*, 170 Ala. 134, 54 South. 496. The rule which prevented the owner out of possession "to harass the actual occupant with an action for every blade of grass cut, or bushel of grain grown by him, instead of being compelled to resort to the action for mesne profits, after a recovery in ejectment," necessarily implied that in the last-named action "compensation for the whole injury may be had at one operation." —*Cooper v. Watson*, 73 Ala. 252. It follows that, if plaintiff had adopted the form of an action vi et armis for the recovery of damages for waste committed by defendant on lands upon which the latter had unlawfully entered, his complaint would not have been demurrable as claiming damages for separate injuries. Plaintiff adopted the analogy of an action on the case

for waste, claiming, in effect, damages for injuries done
to his reversion so to speak. Perhaps this course was
forced on him by the fact that defendant had entered
under plaintiff's deed. To deny under the circum-
stances a remedy by which the recovery might be had
of the same damages plaintiff could have recovered if
defendant's entry had been without the mere color of
right afforded by his fraudulently procured deed would
be to declare a legal enormity. There being in the case
shown no notional dependence upon the action of eject-
ment, we think there can be no objection to the adop-
tion of the action on the case analogous to the action
for commissive waste, and that plaintiff was entitled
in one action to compensation for the whole injury.

Error in sustaining the demurrer to count 1 was
not relieved by the fact that plaintiff was permitted to
prove count 4 as amended. Count 4 in a general way
repeated the averments of the stricken count. It evi-
dently proceeded upon the same notion. But there was
variance in the averment of details, and there was aver-
ment of different elements of damages. And, besides,
plaintiff was compelled to aver that the injuries in-
flicted upon his property during the years it was held
by defendant had been continuous. Under the first
count, if it had not been stricken on demurrer, plain-
tiff would have been able to recover for all the injury
shown during the period alleged whether continuous or
not. Not so under count 4.

Plea 6 did no more than to reiterate the averments
of counts 1 and 4 to the effect that defendant had en-
tered under plaintiff's deed without traversing the
fraud or the legal consequences of the decree of can-
cellation which had been rendered by the court of
equity. Our view of the meaning of those counts of
the complaint would result in the conclusion that the

plea as an answer to those counts at least was insufficient in law. The demurrer, however, took no tenable objection to the plea.

Plea 7 was a conglomeration by reference of pleas 3 and 4, which had undertaken in a way to set up a former adjudication, and plea, 6, the effect, or lack of effect, of which has been stated. It seems to have had no definite or consistent purpose, but we incline to think that it might be treated as a plea of res judicata. If so, it was a bad plea, for pleas 3 and 4, which it repeated, were bad because they neither set out the record of the proceeding in equity, so that the court might say for itself what was the precise and proper effect of the adjudication, nor did they undertake to state in the way of conclusion even the entire effect of the decree. On the information afforded by the record in this case as to the character and effect of the proceeding in equity, it seems that an accounting may have been very appropriately had in that proceeding for the damages now claimed, but we are not prepared to say on this record either that plaintiff had such an accounting, or that he has lost the right to recover such damages by a failure to insist upon them in the court of equity.

For the error shown, the judgment is reversed and the cause is remanded.

Reversed and remanded. All the Justices concur, except DOWDELL, C. J., not sitting.