## CHASTANG et al. v. MOOG.
### I Div. 846.

Supreme Court of Alabama.
May 9, 1935.

Rehearing Denied June 6, 1935.

504

J. G. Bowen, of Mobile, for appellants.
Jesse F. Hogan, of Mobile, for appellee.

BROWN, Justice (after stating the facts).

The bill as last amended seeks to redeem from the tax sale made in 1920, and to settle and quiet the complainants' title. Appellants' right to redeem is conceded by the defendant, appellee here, and the controversy between the parties is in respect to the amount of money chargeable to the complainants as a prerequisite to their right to redeem and have the title quieted.

Appellants insist that they should not be required to pay more than the amount of the taxes assessed against the property for the year 1920, the penalty and the costs, charges and fees of officers incident to the tax sale proceeding paid by Armelie Dicken in the purchase of the property from the state, and that the decree of the court erroneously requires them to pay the taxes assessed against the property during the years of 1927 to 1933, inclusive, assessed to the defendant and those under whom she claims, and the interest thereon, all of which have been paid except for the year 1933; that the decree erroneously requires the appellants to pay to the appellee the taxes that would have been assessed against said property for the years 1921 to 1926, if it had not been sold and purchased by the state at the sale for taxes of 1920, with the interest thereon. And that the decree erroneously requires the appellants to pay a reasonable attorney's fee to the appellee's solicitor for defending this suit.

Appellee, on the other hand, contends that all of these charges were properly included in the sum of $411.33, which the decree requires the appellants to pay as a condition precedent to their right of redemption.

The appellee further insists that the appellants did not comply with rule 93 of Chancery Practice by noting at each exception to the register's report "the evidence, or parts of evidence he relies on in support of the exceptions." This rule is applicable to exceptions as to "conclusions of facts." See rule 93 Chancery Practice, Code of 1923, vol. 4, pages 935, 936.

There is no material dispute in the evidence as to the facts, the question presented being one of law, and if error intervened, it had its inception in the second decree of reference entered on the motion of the appellee, and the question was properly raised and presented in the agreement between the parties, which states their respective contentions noted on the final submission of the case.

The appellee rests her right to collect the taxes and interest thereon that would have been assessable against the property if it had been privately owned during the years 1921 to 1926, inclusive, on the provisions of sections 301, 302 of the act approved September 15, 1919, entitled "An Act to provide for the general revenue of the State of Alabama" (General Acts 1919, pp. 282–451), and section 3 of the act approved August 17, 1923, entitled "An Act to adopt a Code of Laws for the State of Alabama." General Acts 1923, p. 127.

Section 3 of the last-mentioned act provides, inter alia, that "no statute applying to the revenue laws of this State * * * or relating to such subjects, shall be repealed or affected in any manner by the adoption of this Code, or by the failure to incorporate such statutes as a part thereof." Section 3, Acts 1923, p. 127.

Section 3 of the Act of 1923, supra, has been construed along with sections 11 and 12 of the Code, as preserving prior statutes in so far as they are not in conflict with the statutes found in the Code, and in so far as such prior statutes conflict with the Code they have been repealed. Board of School Com'rs of Mobile County v. American Surety Co. of New York, 220 Ala. 458, 125 So. 906; City of Montgomery v. American Ry. Express Co., 219 Ala. 476, 122 So. 639.

Section 302 of said Act of September 15, 1919, was incorporated in the Code of 1923 without change in verbiage as section 3122; but section 303 of said act, which, before its revision and incorporation in the Code, related to said section 302, was revised so as to relate its provisions to sections 3120 and 3121 of the Code, excluding from its provisions said section 302 (section 3122 of the Code) and as so revised was incorporated in the Code as section 3123. Therefore, when lands bid in by the state for taxes are sold *as authorized by sections 3120, 3121 and 3123,* the purchaser must pay "such sum of money as the state auditor may ascertain to be sufficient to cover and satisfy all claims of the state and county, which sums shall not be less than the amount of money for which the lands were bid in by the state, with interest thereon at the rate of ten per cent. per annum from the date of sale, *together with the amount of all taxes due on said lands since the date of sale, with interest thereon at the rate of eight per cent. per annum from maturity* of said taxes." (Italics supplied.) Section 3120, Code.

And section 3123 provides: "When lands have been sold by the state *as provided in sections 3120 (2323) and 3121 (2324), and the purchase money has been paid,* the state auditor, in behalf of the state, shall execute to the purchaser a deed duly acknowledged, without warranty or covenant of any kind on the part of the state, express or implied, conveying to him all the right, title, and interest of the state in and to the lands purchased by him; and such purchaser shall thereafter have all the right, title, and interest of the state in and to such lands, and shall be held and treated as the assignee of all the taxes due upon such lands, or for which they were sold, and the penalties, and of all the taxes that should have been, under the law, assessed upon the same, if they had been the property of a private citizen of the state; and he shall be clothed with all the rights, liens, powers and remedies, whether as plaintiff or defendant, respecting said lands as an individual purchaser at the tax collector's sale would have in similar circumstances; and all such liens and charges as the state had before such sale by the state auditor shall be enforced in favor of such purchaser from him as under the provisions of law relating to individual purchasers at sales by the tax collector. Such purchaser, on failure of his title, shall have his lien and charges assessed by the court or by a jury, and may foreclose the same by a proceeding at law in such suit." (Italics supplied.)

Said section 302 of the act of 1919, now section 3122 of the Code, provides: "When lands have been sold for taxes, and bought in by the State, and after the lapse of two years from such sale, no person entitled thereto has redeemed the same, the state auditor may sell all the right, title and interest of the state in and to such land *at the best price obtainable.*" (Italics supplied.)

The recitals in the deed executed by the state auditor in behalf of the state to said Armelie Dicken go to show that the purchase price was fixed and the right, title, and interest of the state in and to the property were sold to said Dicken in pursuance of the powers vested in the state auditor by section 3122 of the Code.

The taxes on the land for the years 1921 to 1926 were not included in the purchase price, and the deed does not purport to vest in the purchaser from the state the right to demand the payment of taxes for said years by said purchaser or those claiming under her.

There is no contention that the appellee, or those under whom she claims, had paid taxes on said property for the years 1921 to 1926, and therefore the case presented is not within the influence of section 3123 of the Code, but is governed by the provisions of section 3096, under which appellee is entitled to the taxes, fees, and costs for which the property was sold and paid to the state in the purchase by Dicken, with the penalty provided by law, and the taxes subsequently paid by such purchaser and those claiming under said purchaser, with interest. Cobb et al. v. Vary, 120 Ala. 263, 24 So. 442; Sheffield City Co. et al. v. Tradesman's National Bank, 131 Ala. 185, 32 So. 598; Union Central Life Ins. Co. v. State ex rel. Whetstone, Tax Assessor, 226 Ala. 420, 147 So. 187.

Under the bill as filed—to redeem and settle the title in complainants—it is permissible for the court to require the complainants to do equity by repaying to the defendant the sums of money expended in the purchase from the state, with interest, as provided by sections 3096, 3110, and 3111, and to pay to the tax collector of Mobile county the taxes assessed by the defendant for the year 1933, which have not been paid.

In Threadgill v. Home Loan Co., 219 Ala. 411, 122 So. 401, it was held that a defendant in a bill to redeem from tax sale was not entitled to attorney's fee for resisting such redemption.

The decree of the circuit court is therefore corrected, so as to require the complainants to pay into the registry of said court the sums of money stated in the second and fifth paragraphs of the register's report, together with all taxes paid by the appellee on said lands since the hearing on reference before the register, with interest. To this end the register is authorized to take proof, ascertain the amount of taxes so paid, ascertain the total amount thereof necessary to redeem, and report his findings to the circuit court, for such orders as are necessary to carry into effect the decree as corrected, and for that purpose the cause is remanded to the circuit court.

The costs of the appeal are taxed against appellee. As corrected, the decree is affirmed, and the cause remanded.

Corrected, affirmed, and remanded.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.