7 So.2d 33

### ALEXANDER v. LETSON.
### 8 Div. 148.

Supreme Court of Alabama.
Feb. 19, 1942.

Rehearing Denied March 19, 1942.

W. L. Chenault, of Russellville, and R. E. Proctor, of Moulton, for appellant.

490

R. L. Almon and Thos. C. Pettus, both of Moulton, for appellee.

FOSTER, Justice.

The parties seem to agree on the questions of law involved on this appeal, without passing on each assignment of error.

There are two counts in the complaint. One is for trespass quare clausum fregit, and the other is for use and occupation of the same land. Some of the pleas to which demurrer was sustained set up the defense that defendant entered upon the premises under a foreclosure deed, whereby a mortgage from plaintiff's predecessor in ownership to defendant was foreclosed and continued in possession throughout the period laid in the complaint as a bona fide holder of the land under said foreclosure.

No one questions the principle that to sustain an action for trespass to land plaintiff's possession must have been violated by a disseizin, not consented to by plaintiff. Buck v. Louisville & N. R. R. Co., 159 Ala. 305, 48 So. 699.

This action cannot be made a substitute to try the title to land by one out of possession. But plaintiff's title may sometimes be material to show his constructive possession (after a re-entry). Griffin v. Bozeman, 234 Ala. 136, 173 So. 857; Kay v. Adams, 223 Ala. 33, 134 So. 628; Code of 1940, Title 7, section 85.

The count for use and occupation may be made available by an amendment to the Code, when defendant has acquired the land unlawfully. Code of 1940, Title 31, section 46(4); Code of 1923, section 8820 (4). But this Court has held that this amendment did not confer a right of action when the defendant entered upon the land under bona fide claim of title. Crabtree v. Street, 200 Ala. 442, 76 So. 374.

So that the defense that the entry was under bona fide claim of ownership and not by force actual or constructive is available to such a count the same as to one in trespass to the freehold.

The parties bring into the argument matter not shown by the pleadings (or evidence either as to that matter), upon the assumption that we will take judicial notice of them. They refer to former litigation between them as to this land, which came to this Court and is reported in 232 Ala. 208, 167 So. 265. From the record in that case, it appears that this plaintiff sued this defendant's intestate in equity, in which reference was made to two mortgages, executed by plaintiff's deceased father, to the respondent. One of them was given in 1915 on one hundred and sixty acres of land not including the eighty acres in question. The other was given in 1924 and covered the same one hundred and sixty acres and also the eighty here in question. It appears from the record of that case that both mortgages had been foreclosed and the respondent was in possession since

1926 under the foreclosure sales. The bill sought to cancel as void the mortgage of 1924 and to exercise the statutory right of redemption as to that of 1915. A decree so adjudging was affirmed. Counsel state in brief in the instant case that following this affirmance the complainant in it (plaintiff here) was put in possession of the whole tract including the eighty acres as to which the court cancelled the mortgage as being without consideration, and that this suit is for damages to the land caused by waste and for its use and occupation during the time respondent was in possession under claim as the purchaser under a foreclosure of the mortgage holding it adversely under that right.

Those facts are not adequately set out in the instant case, and some of the material features do not appear in the record in this Court of such former suit. It does not appear from that record that plaintiff was put in possession under that decree so affirmed, or has in any other way entered into possession of the land, and that defendant is not still in its possession.

■ The pleadings and issues are not such as to invoke the principle that either the trial court or this Court on review should take judicial notice of an order made in the former suit equivalent to an allegation of the fact that this plaintiff was put into possession by such court and when it may have occurred. Cogburn v. Callier, 213 Ala. 38, 104 So. 328; Crossland v. First National Bank, 233 Ala. 432, 172 So. 255.

■ So as the record stands with no allegation of re-entry by plaintiff, the trial court sustained demurrer to pleas setting up the claim that defendant entered peaceably into the adverse possession of the land under color and claim of ownership, and so held it during the period of the alleged trespass. This we think was an erroneous ruling and for it the judgment must be reversed, since there is no claim that it was not prejudicial, if erroneous.

From the argument of counsel, it is probable that in ruling on the demurrers to the pleas the court considered the result of that litigation, and from it may have found as is stated in briefs that plaintiff was put into possession of the eighty acres here in question by order of that court, and then filed this action at law for the use of the land and damage to it while in a possession which that court determined

was wrongful, and that this case is not burdened by a trial of title in such an action, since the title was tried and determined and plaintiff put in possession before filing this action. For the purpose of another trial, and since both parties have argued that as the question, we will treat it.

■ The question is an old one. At common law, it was well settled that trespass will not lie to recover rents or mesne profits until the owner, who was disseized, had recovered possession in ejectment or in some other manner. Then he could maintain a suit for the recovery of mesne profits, which could not then be recovered in the ejectment suit. But by an early statute in this State, plaintiff could recover rents in his ejectment suit. Then it was held that he could not sue for them after he regained possession in such a suit since he could have recovered them in it. Therefore that plaintiff could only recover the mesne profits in a suit begun after he had regained possession in some manner other than by a suit in which such recovery was available. Fry v. Branch Bank, 16 Ala. 282; Cummings v. McGehee, 9 Port. 349.

The question was considered again with respect to injuries for waste not for use and occupation. It was held that since at that time such injuries could not be recovered in ejectment, an action would lie for them after a recovery of the land by such suit. Henry v. Davis, 149 Ala. 359, 43 So. 122, 13 Ann.Cas. 1090; Lyons v. Stickney, 170 Ala. 134, 54 So. 496.

But, as pointed out in the latter case, the statute has since been amended so as to allow recovery of such injuries in the ejectment suit to be computed up to the time of the verdict. Code of 1923, section 7453; Code of 1940, Title 7, section 938.

■ But to sustain an action of trespass to realty by another, there must have been an entry on land in the possession of plaintiff, actually or constructively, without express or implied authority, Foust v. Kinney, 202 Ala. 392, 80 So. 474; 63 Corpus Juris 894; 18 Ala.Digest 527, Trespass, ⚖20, though sometimes a rightful entry may be converted into a trespass ab initio. Snedecor v. Pope, 143 Ala. 275, 39 So. 318; 63 Corpus Juris 899; 18 Ala.Digest 524, Trespass, ⚖13.

In recognition of this principle and that to sustain trespass quare clausum fregit, an ouster is necessary, an action on the case (in the nature of waste, 67 Corpus

Juris 624, note 38) was used in Quinn v. Pratt Consolidated Coal Co., 177 Ala. 434, 59 So. 49, where defendant had procured a deed from plaintiff by fraud, and was put in possession under it, and later plaintiff caused the deed to be vacated in equity and the possession restored to him. It was what was there called an "equitable ejectment." There was no claim made in the action at law for mesne profits or use and occupation in the Quinn case, supra. But it was said that trespass on the case was available for the injuries done to the reversion. And that since the equitable ejectment occurred prior to the Code of 1907, in which a right to recover for injuries to the reversion in ejectment first existed in Alabama, the lawful owner could maintain his separate action in case for such damage (of course not for use and occupation), after he had recovered possession by action of ejectment. But there was recognition of the rule that the suit in equity being an equitable ejectment, if such damage had been recoverable in it, no personal action was thereafter available whether damage was recovered or claimed in the ejectment suit.

■ The suit in equity to which the parties in the instant case have referred by which plaintiff secured a cancellation of the mortgage on the eighty acres in question was as much an equitable ejectment as that mentioned in the Quinn case, supra. In an equitable suit to vacate a mortgage, and recover possession of the land because the mortgage has been fully paid or is void as not properly executed to convey the homestead (as there claimed) complainant is pursuing a course no different in its inherent nature from an action at law in ejectment. In either, upon recovery he could have his damages for waste or for use and occupation. Code of 1940, Title 7, section 938; Dewberry v. Bank of Standing Rock, 227 Ala. 484 (10), 150 So. 463.

■ Neither a count in trespass quare clausum fregit nor in case, nor for use and occupation nor in any other form is available for the recovery of damages for waste or for use and occupation after plaintiff has recovered possession of the land in a suit in which a recovery for such damages is available, whether they were claimed or not. And an action for trespass quare clausum fregit will not lie unless. plaintiff's possession was intruded upon by defendant without his consent, even though consent may have been given under a mistake of facts, or procured by fraud, or unless he entered under a license for some particular purpose and went beyond that purpose. Snedecor v. Pope, supra. Nor will an action for use and occupation lie when defendant entered upon the land under bona fide claim of title.

For the error in holding that the defense set up was not well founded, the judgment must be reversed.

Reversed and remanded.

GARDNER, C. J., BOULDIN, and LIVINGSTON, JJ., concur.

On Rehearing.

FOSTER, Justice.

■ It is insisted that we were in error in reversing this case because demurrer was sustained to certain pleas, in that the same defense was available under plea No. 7. But that plea was directed to the claim for "use and occupation," not to that of trespass; and there was no other plea to the claim of trespass under which the defense was available.

It is also insisted that we were mistaken in saying that it does not appear from the record that plaintiff had acquired possession of the land before suit was brought. The evidence in the record is not clear to this effect, but it is such as that an inference may be so drawn by the jury. But that was not given as a material respect in which error was made to appear in the record.

■ For assuming that plaintiff had reentered, either by judgment of a court or by some other means, he cannot recover in trespass quare clausum fregit, or for use and occupation, for acts done by defendant while in the actual possession acquired peaceably under claim of ownership in good faith. And he cannot recover in trespass on the case or in other form of action for damages or mesne profits which were recoverable in the suit by him in which he secured that possession. That is the status of the parties as argued by counsel.

But the judgment is reversed for sustaining demurrer to pleas setting up the possession of defendant under claim of ownership adversely and in good faith during

the time of which plaintiff complains, and in substance that there was no ouster of plaintiff.

Application for rehearing is overruled.

GARDNER, C. J., BOULDIN, and LIVINGSTON, JJ., concur.