66 So.2d 69

**MARTIN v. CARROLL et al.**

1 Div. 495.

Supreme Court of Alabama.

June 18, 1953.

See also, 257 Ala. 179, 58 So.2d 106.

198

Alex T. Howard, Mobile, for appellees.

Holberg, Tully & Aldridge and Albert J. Tully, Mobile, for appellant.

PER CURIAM.

This is an appeal from a final decree of the circuit court, in equity, denying relief to

appellant as the complainant and granting relief to appellees on their cross bill. The controversy concerns a house and thirty-eight acres of land in Citronelle, Mobile County, Alabama.

The bill as amended sets up in paragraph 3 the contention of complainant in respect to the property. That paragraph as amended is as follows:

"The complainant O. T. Martin obtained the amounts necessary to purchase said property from officials or employees of the Home Owners' Loan Corporation and obtained all data necessary to make such purchase. Thereafter the complainant and W. E. Carroll decided to purchase said property and did purchase said property with funds provided partly by the complainant and partly by the respondents, and the complainant went into the possession thereof at the time of said purchase and has remained in possession thereof since that date. Complainant alleges that the defendant W. E. Carroll advanced part of the monies for purchasing the property described in this complaint and advanced money for the purchase price of property not subject to this complaint, and the complainant advanced money for the purchase of the property described in this bill of complaint and has demanded an accounting with the defendant W. E. Carroll, and has demanded from him a conveyance of his undivided interest in this property.".

The prayer is that the court decree "that the complainant owns an undivided one-half interest in and to said property and that the title to the same is vested in the respondent in trust for the respondent and for the undivided half interest owned by the complainant and the court will further enter an order requiring the register to take and state an account between the parties," and then prays for a sale for division between them.

Demurrers to the bill as amended were overruled. The respondents filed an answer and cross bill. The answer denies the allegations in the third paragraph of the bill, and especially denies that complainant went into possession of the property as the purchaser thereof or that he advanced any money for the purchase price, but alleges that the property was purchased by the respondents and that complainant was not known in the transaction. It alleges that the title to the land is vested in them (respondents) both legally and equitably. The cross bill will be analyzed later.

The contentions made on behalf of appellant do not follow the theory of the bill. The only basis for relief on the allegations and prayer of the bill is to enforce a resulting trust in favor of complainant on account of contributions made by him to payment of the purchase price. But the evidence without conflict refutes that contention. No aspect of it supports a theory that complainant paid any part of the purchase money at the time the land was purchased or became obligated to do so.

The respondents traded with Home Owners Loan Corporation on February 19, 1942 to purchase the property for the principal sum of $3850, and made the first payment of $385 with their own funds, and agreed to pay the balance in monthly installments of $37.42, and on April 9, 1942 the Home Owners Loan Corporation executed a deed to them and they began and have continued to make the payments as they fell due.

In January 1943 complainant gave a check to respondent W. E. Carroll "on the down payment," as he says, as a part of the purchase price. That Mr. Carroll told him "we will be partners in the house just like we are in the water business down there, and as far as anything else, there was never nothing else said about it, except that he told me we were partners in the house". They were then engaged in a partnership business for the sale of mineral water from a mineral spring situated about three and one-half miles from the land in controversy at Citronelle. All the parties then lived in Atlanta. Complainant is now claiming that the house was purchased as an asset of the partnership and for use by complainant who was to devote his attention to the business. Respondents had other business in Atlanta. They advanced practically all the money that went into the partnership. They testified that respondent Mrs. Carroll wanted

this property for use as a boys' home near the healing spring waters, and that she paid all the purchase money and it was bought for her. That they allowed complainant to occupy it free of rent as a caretaker since they had no immediate use for it. That complainant had never set up any claim to it or interest in it until this bill was filed. That the occasion for the payment of the $300 was a need of that money by the partnership to pay some pressing claims. That it went into the partnership funds and had no connection with the purchase of the house.

Since this suit was begun a suit for a settlement of the partnership has been heard and determined by consent of the parties and a full settlement of the partnership affairs has been decreed.

The amended cross bill alleges that by reason of that decree there is no necessity for a partnership settlement as prayed for in the original cross bill. The answer to the cross bill admits those allegations.

The contention made by attorneys for appellant is that the property was that of the partnership and the title was taken in the Carrolls for the use and benefit of the partnership, and in equity should be so treated although the partnership affairs have been settled in a court of equity.

■ To constitute partnership property the land must have been acquired with partnership funds or on partnership credit and for partnership use. Those are the two essential elements of that principle. McGowin v. Robinson, 251 Ala. 690, 30 So.2d 237. In equity it is not controlling that the deed does not indicate the partnership interest. It matters not what else may be said and done about it, those two conditions are controlling and must both concur.

The property here in question was not acquired with partnership funds nor on partnership credit. The $300 which complainant paid to respondent went into partnership affairs of another sort, and was not paid to the Home Owners Loan Corporation or for its account. The partnership assumed no part of the deferred payments. The cash payment was made by respondents without the use of any partnership funds. The only

funds of the partnership so used was a check for $37.42, the first monthly deferred installment. A check for that amount was drawn on the partnership account and charged to respondents, and in the accounting on the partnership settlement it was so charged. Respondent W. E. Carroll did that because at the time his personal account was low.

We are impressed that the trial court was correct in finding that this purchase was made by the respondents on their own account and paid for by them, and the balance due was not on the credit of the partnership.

As we have shown the bill as amended sets up facts on which it is prayed that a trust be decreed in favor of complainant on account of a payment made by him personally. But the only contention now made, as we have said, is that the property was partnership property because purchased with partnership funds. A resulting trust in favor of the partnership in the land bought with its funds, with the title taken in one of the partners, is not alleged in the bill. But if sufficient allegation had been made, the evidence does not support the contention that the land was purchased with partnership funds.

■ Our findings and that of the trial court refute all claim for a resulting trust in favor of complainant or the partnership. The payment by complainant claiming to establish his right to the trust must have been made as a part of the purchase money at or before the purchase, and the trust must exist at the time the title passes. Talley v. Talley, 248 Ala. 84, 26 So.2d 586. But no such status is shown by any of the evidence. Nor are the elements of a constructive trust proven or alleged. Talley v. Talley, supra.

If the theory of appellant's counsel were supported that the property here in question became partnership property by its purchase with partnership funds or on partnership credit and for partnership purposes, the inference would be that it figured in the partnership settlement. But the parties here have not so contended and, therefore, we will not so treat it.

■ On no theory properly presented and proven has the complainant shown any right

in equity to an interest in this property as by a resulting or constructive trust in favor of himself personally or in favor of the partnership of which he was a member. That aspect of the decree was rendered without error.

## On the Cross Bill.

The court decreed that cross respondents W. E. Carroll and his wife Bertha Carroll are vested with the right, title and interest which they acquired from Home Owners Loan Corporation, as appears from their deed of April 9, 1942, and that as against this appellant they are entitled to the possession, and he is required within thirty days to vacate and surrender possession of the property to the cross complainants, W. E. Carroll and Bertha Carroll. It was further decreed that he (O. T. Martin) pay $2500 into court within thirty days for the benefit of cross complainants. In arriving at that figure the court found that complainant, cross respondent, was let into possession as a caretaker and his occupancy since that date was by the sufferance or permission of the respondents and cross complainants until this suit was filed April 18, 1947. And that a reasonable rental is at the rate of $50 a month. (This is supported by the evidence.) That this amount should be charged from April 18, 1947 to June 18, 1951. The decree was dated July 7, 1951. The theory of the court in so decreeing evidently was to hold complainant liable for the reasonable value of the property pending this suit, beginning when the original bill was filed and extending approximately to the date of the decree. This aspect of the decree is challenged on appeal in both respects.

The cross bill alleged the facts to exist as found by the court, and prayed the court to decree that O. T. Martin has no right, title, claim, interest or encumbrance upon the land in question and that a reference be had to ascertain a reasonable sum for the *use and occupation* of the same from the time of filing this bill of complaint, and that a decree be entered for the same in favor of cross complainants. It prayed for such other relief as the equities of the case justify.

Appellant's argument is that a permissive occupation for an indefinite period and without reservation of rent constitutes a tenancy at will. That there was no effort by the Carrolls to terminate such permissive use by Martin. That without notice to quit, or demand for possession or other termination of the relation, a claim for possession or for use and occupation of the land is not justified. The authorities cited support the contention that according to the version of the Carrolls there was a tenancy at will. Buchmann v. Callahan, 222 Ala. 240, 131 So. 799; Rutledge v. White, 206 Ala. 329, 89 So. 599.

It is provided in section 3, Title 31, Code, that when a tenancy at will is *expressly* created either party may terminate it by ten days' notice in writing. This does not apply to a tenancy at will created by common law, not by express contract. Rutledge v. White, supra; Miller v. Faust, 250 Ala. 545, 35 So.2d 162.

In order to support a statutory suit of unlawful detainer against a tenant at will created by contract, there must have been given ten days' notice for the termination of the tenancy as required by that statute, Rutledge v. White, supra, followed by a demand for possession ten days before suit as required by section 967, Title 7, Code. Moss v. Hall, 245 Ala. 612, 18 So.2d 368. We are only concerned here with the notice required by section 3, Title 31, supra, necessary to terminate a tenancy at will.

This suit was filed by the tenant at will in the hostile assertion of a claim antagonistic to the tenancy. Ordinarily, this cannot be done except by first surrendering the possession. 13 Ala.Digest 464, Landlord and Tenant, ☞61. But cross complainants did not make that defense to the bill. When a tenant disavows the tenancy it operates as a forfeiture of the lease and the landlord may proceed to consider the tenant as a stranger and a trespasser and eject him accordingly, notwithstanding his lease. Tillotson v. Doe ex dem, Kennedy, 5 Ala. 407; Wells v. Sheerer, 78 Ala. 142, 146; Sherrill v. Garth, 230 Ala. 397(5), 161 So. 482; 52 C.J.S., Landlord and Tenant, § 769, p. 656(4). And if the landlord having notice of the disavowal does not undertake to eject him by suit, the statute of limita-

202

tions begins to run. Collins v. Johnson, 57 Ala. 304; Lay v. Fuller, 178 Ala. 375, 59 So. 609.

 The notice required by section 3, Title 31, Code, or by common law was not necessary by reason of the disavowal contained in the original bill. And therefore the status of complainant as a tenant at will existing prior to filing the bill, is not sufficient to deny cross complainants' possession of the land as of that time, although no demand had been made for possession or notice to quit. The fact that the decree allowed complainant thirty days in which to surrender possession is not prejudicial to him. There was no error in ordering him to surrender possession.

We have shown that the cross bill sought a decree for "use and occupation," and that the court made an allowance for "rents" pending this suit.

But appellant contends that one holding by adverse possession is not subject to a claim for *use and occupation,* and invokes the rule that an action for use and occupation will not lie when the defendant entered upon the land under bona fide claim of title. Alexander v. Letson, 242 Ala. 488, 7 So.2d 33. Nor when his possession is adverse and he is not estopped to question the claim of ownership by plaintiff. Jones v. Scott, 249 Ala. 336(7), 31 So.2d 361. Those principles refer to an action for use and occupation conferred by statute, section 46, Title 31, Code, which is amendatory of the common law. But we are not here controlled by that status of the law.

We are dealing with an equity suit by a cross bill for possession of land. In such a suit cross complainants may recover "mesne profits and damages for waste, or any other injury to the lands * * * up to the time of the verdict." Section 938, Title 7, Code; Alexander v. Letson, 242 Ala. 488, 7 So.2d 33. Mesne profits is the fair rental value during tortious holding. Pridgen v. Elson, 242 Ala. 230, 5 So.2d 477; Wiggins v. Stewart Bros., 215 Ala. 9, 109 So. 101.

It is immaterial what terms the decree and cross bill use in that respect. We interpret them in the light of the right shown to exist. Under the findings and decree of the court, which we approve, complainant's possession has been tortious since he filed this suit. It was therefore proper to render a decree against him for the rental value of the property during the period covered by the pendency of the suit up to the time of the final decree. This Court on appeal cannot take care of that liability. Hughes v. Hatchett, 55 Ala. 539. If cross complainants do not recover damages in this suit, they cannot do so afterwards (except on a supersedeas bond when there is one). Quinn v. Pratt Consolidated Coal Co., 177 Ala. 434, 59 So. 49; Alexander v. Letson, supra.

The decree of the trial court should be affirmed on both aspects.

The foregoing opinion was prepared by Foster, Supernumerary Judge of this Court, while serving on it at the request of the Chief Justice under authority of Title 13, § 32, Code, and was adopted by the Court as its opinion.

The decree is affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON, STAKELY and MERRILL, JJ., concur.