68 So.2d 721

### MARTIN v. CARROLL.

I Div. 520.

Supreme Court of Alabama.

Nov. 12, 1953.

Albert J. Tully, Mobile, for appellant.

Alex T. Howard, Mobile, for appellee.

S. P. Gaillard, Mobile, amicus curiae.

STAKELY, Justice.

O. T. Martin, Theodore J. Lamar and W. E. Carroll were the joint owners of certain lands in Mobile County, Alabama. This litigation began when Lamar filed his bill in equity against Martin and Carroll, seeking a partition of these lands. This suit was designated as Equity Suit No. 25,971. This suit was filed on April 15, 1947.

On May 3, 1947, O. T. Martin filed a bill of complaint against W. E. Carroll, seeking an accounting and praying for a lien against the undivided interest of Carroll and for the satisfaction of the amount of such lien and for a sale of the undivided interest in the property of Carroll upon his failure to pay the amount of such lien within a time to be designated by the court. The land involved in the second suit, which is designated as Equity Suit No. 26,066, is the same land involved in Equity Suit No. 25,971.

Martin and Carroll were engaged in a partnership venture involving the sale of mineral waters, cattle transactions and other matters. This partnership venture, however, was separate and distinct from the joint ownership of the land. Lamar had no interest in the partnership affairs. However in each of the two foregoing suits Carroll filed a cross-bill against Martin, seeking an accounting of the partnership affairs running back to the beginning of the partnership in 1941. Martin demurred to the cross-bill in Suit No. 26,066, which was overruled. The two suits were thereafter consolidated and thereafter proceeded as one suit.

There was a companion suit (O. T. Martin v. W. E. Carroll and Bertha Carroll, an Equity Suit No. 25,986), which was recently decided by this court on April 3, 1953, and which is designated in this court as Martin v. Carroll, 66 So.2d 69.

A decree was entered in the consolidated causes ordering a partition of the lands in allotted parcels. That portion of the decree is not questioned here. The decree further provided, however, that the partition would be subject to the statement of the accounts between O. T. Martin and W. E. Carroll, who were ordered to file their accounts with the register. The register was then ordered to hold a reference and to state the accounts between these two parties, excluding from the accounting any items which had reference to the companion case of Martin v. Carroll, supra.

The reference was held and the register reported his statement of the accounts. Carroll filed two exceptions to the register's report. The court entered a decree sustaining one of these exceptions. A final decree was entered by the court and later amended nunc pro tunc. The decree found

that W. E. Carroll have and receive of O. T. Martin the sum of $1060.25, with a lien to secure the same on the lands set apart to O. T. Martin. From that final decree as amended this appeal has been prosecuted.

■ I. Assignment of error is made to the action of the lower court in overruling demurrers filed by the appellant Martin to Carroll's cross-bill of complaint in Suit No. 26,066. The theory of appellant is that the cross-bill does not seek to present any defense to the original action instituted by Lamar or seek any relief incidental thereto. The position is taken that the subject matter of the cross-bill is not germane to the original bill of complaint and that Martin's demurrer to the cross-bill should have been sustained. We find no merit in this contention. It is sufficient to say that at the time the demurrer was overruled, the decree was in a suit separate and distinct from the suit filed by Lamar and to which Lamar was not a party.

II. Further assignments of error go to the action of the court in ordering the respondent Martin (appellant here) and the cross complainant Carroll to file their partnership accounts with the register of the court. It is insisted that when the court refused to sustain demurrers to Carroll's cross-bill and ordered Carroll and Martin to file their partnership accounts with the register, great confusion was introduced in the trial of the original cause, seeking partition of the lands. As has been intimated the partnership accounts dealt with the sale of cattle, the sale of mineral waters, the repair of trucks, the purchase of supplies, the salary to Martin and other transactions, none of which had any relation to the joint ownership of the lands between Martin, Carroll and Lamar.

Further assignments of error go to the action of the court in ordering the register to state an account between Carroll and Martin. In other words it is insisted that Lamar, who brought the original suit, had no interest in or concern with the partnership accounts between Martin and Carroll and that the matter of accounting between Martin and Carroll had no relation to Lamar's suit for a partition of the lands

and that the court, therefore, erred in refusing to exclude this partnership accounting from the original suit.

However we note from the record that on May 6, 1949, and long before the reference was held, the court entered a decree, the first paragraph of which reads as follows:

"This cause, by consent of all parties made in open court, is consolidated with the cause of O. T. Martin against W. E. Carroll being equity case numbered 26,066 which is to be considered along with the main case of Theodore J. Lamar, complainant, versus O. T. Martin et al., which is numbered 25,971, both causes being submitted upon the record and the testimony as noted by the Register of this Court for final decree; and the Court having considered the same, it is the opinion of the court: * * *."

The case now before us is a consolidated case, that is of a suit filed by Lamar against Martin and Carroll and another suit filed by Martin against Carroll. The order of reference which is complained of was not of the court's making, but appears to have been by consent of all the parties involved, the decree in part further reading as follows:

"It is the judgment of this Court, and is therefore Ordered, Adjudged and Decreed by the Court, with the consent of the parties, that O. T. Martin and W. E. Carroll are entitled to have their accounts stated and settled by this Court, and a reference to James A. Crane, the Register of this Court is hereby decreed, and he is hereby directed to take and state a complete account between the parties as to their several activities, as partners, except that there shall be excluded from this accounting all items relating to the controversy over the property involved in the said suit of O. T. Martin vs. Bertha Carroll and W. E. Carroll, their cause being No. 25,986–G pending in this Court."

■ It therefore appears to us that under the agreement made by the parties in open court, the court committed no error in

referring the case to the register and in undertaking to state the account in favor of either Martin or Carroll as the evidence might show one to be indebted to the other. What we have said is sufficient to show that no reversible error appears from the rulings of the court to which we have referred.

III. Assignment of error is based on the action of the court in excluding from the accounting of the partnership activities all items relating to the controversy over the property involved in the suit of Martin v. Carroll, Ala.Sup., 66 So.2d 69. This exception was made with the consent of the parties under the foregoing decree and therefore will not be considered here.

IV. After the accounting was held between Martin and Carroll, the register made his report and to this report Carroll filed two exceptions. The first exception was overruled and we are not concerned with it on this appeal. The second exception is directed to "that part of the report in that it fails to state an account in accordance with the decree of reference and is incomplete in that it does not charge the amount due by either of the parties to the other as hereinafter indicated." The exception then continues by claiming in substance that the register's finding of $12,252.89 as being the amount of credits due Martin should have been reduced by five amounts totaling $818.65, reducing Martin's net credits to the sum of $11,434.24. The court sustained this exception and it is insisted that in this ruling the court was in error.

It is pointed out that under the equity rules when an exception is made to the register's report it must be accompanied by a proper reference to the parts of the evidence relied on to sustain the exception. Equity Rule 87, Title 7, Code of 1940; McCall v. Hall, 182 Ala. 191, 62 So. 68; Cone v. Barganier, 218 Ala. 292, 118 So. 342. In the present instance it is argued that the exception does not undertake to direct itself to any of the evidence which might have been used by the court to determine the validity or error of the exception.

We quote the following from the register's report of the reference, showing that part of the same relating to this exception and the items involved therein.

"Charge to O. T. Martin

Rent of Trailer.......... $150.00
Received from Carroll
    March 12, 1946 ........ 100.00
Check to Citronelle Bank ... 50.00
Check for trailer.......... 200.00
Check same day as deposit .. 22.05
Checks not accounted for.... 318.65."

There can be no question that the usual form of taking exceptions to the register's report based on some error made by him as to the evidence is that at the foot of the exception there must be noted the evidence relied on in support of the exception, with such designation and remarks of reference as to direct the attention of the court to the same. However in the case at bar the exception is not to any error in the finding of the register as to the items involved. The point is made in the exception that the accounting by the register was in error in that the register after having found that these items should be charged to Martin, did not in fact so charge them. In other words, the exception only raises a point of auditing insofar as the report to the court was concerned and is based on the failure of the register actually to charge these items to Martin. Except as we shall hereinafter point out, the items were not items which should have been disallowed by the register, but were items appearing elsewhere in the evidence and were charges which should have been made to Martin. It will be noted that at the top of the items appear the words "Charge to Martin." In other words the register found from the evidence that these items should be charged to Martin and the only point involved in the exception was that the court was asked, since the register had not charged these items, to make a ruling by which these items should be actually charged to Martin, which it was the duty of the register to do. Chastang v. Moog, 230 Ala. 452, 161 So. 502.

V. We have directed our discussion to the contention that there was no compliance with Equity Rule 87, Title 7, Code of 1940. It is well to keep in mind at this point that Martin filed no exceptions to the register's

report. The exceptions were filed by Carroll. After the exceptions were filed by Carroll the accounting according to the decree of the court was as follows:

"Carroll furnished ............... 12,494.49
Martin furnished ............. 11,434.24
                                   _____
Total partnership assets ................ $23,928.73."

One-half of the assets belonged to each partner and the share of each amounted to $11,964.36. Subtracting this share from the amount contributed by Carroll leaves a balance of $530.13, which is the amount which ordinarily should be paid to him by Martin, instead of $1060.25 as decreed by the court. Hunter v. Parkman, 254 Ala. 494, 48 So.2d 878.

■ However, examination of the register's report shows a duplication in that one item listed in the items designated to be charged to Martin should not be charged. In the register's report Carroll was allowed this credit, "O. T. Martin, March 12, 1946, $100.00." Since this credit was thus allowed to Carroll, an additional credit should not have been allowed by the court by way of deducting still another $100 from Martin's credits to the partnership accounts. Obviously Carroll was not entitled both to a credit to himself and a deduction from Martin for the same $100.00 item. The $100 item was one of the items making up a group of items to which exception was made as a group. The court could have allowed the exception in part, although it was not bound to do so. O'Reilly's Adm'r v. Brady, 28 Ala. 530. So we think that the amount of $530.13 referred to above should be further reduced to the sum of $430.13. The decree of the court is accordingly corrected so as to reduce the amount due by Martin to the sum of $430.13.

■ In the case at bar the contributions of each partner were the only matters considered in the register's report. Accordingly we presume that there were no differences in respect to other matters which are a necessary feature of every partnership settlement. Hunter v. Parkman, supra. We make this statement so that what we have dealt with will not be construed as embracing all matters necessary to partnership settlements.

VI. The original bill was for a partition in certain lands. About two years after the suit was commenced the court entered a decree by which the lands were divided in kind between the three owners Lamar, Martin and Carroll. The costs up to this decree were divided equally between the owners and no question appears to be raised as to the justice of this action by the court.

■ In his bill consolidated with the partition suit Martin asked for a reference. The interlocutory decree stated that all parties in open court "consent to the consolidation and also to the necessity of a reference to be held between Martin and Carroll." The trial court held as to the reference that Martin was indebted to Carroll in the sum of $1,060.25 and taxed the costs of the reference in accordance with the usual rule namely in favor of the prevailing party. 15 C.J. p. 35. See, also, 20 C.J.S., Costs, § 10. The trial court may exercise its discretion in the taxation of costs, subject to correction for improper exercise of such discretion. Equity Rule 112, Title 7, Code of 1940; Plateau Community Ass'n v. Green, 243 Ala. 531, 10 So.2d 860. Under the circumstances which we have pointed out, the costs of the reference will be apportioned equally between Martin and Carroll.

Upon consideration the decree of the lower court is corrected in the respects pointed out and as so corrected is affirmed.

Corrected and affirmed.

LIVINGSTON, C. J., and LAWSON and MERRILL, JJ., concur.